HENRY B. WOOD & ANTHONY G. WOOD, Copartners, *vs.* THOMAS MORIARTY.

W. was a creditor of T., and T. a creditor of M. In August, 1885, M. agreed with T. to assume the debt of T. to W. In February, 1886, W. brought *assumpsit* against M. for the amount of T.'s debt. At the trial it appeared that in September, 1885, and before any ratification by W. of the agreement between T. and M. made in August, T. had given to M. a general release of all claims, debts, etc.

*Held,* that W. could not maintain his action against M.

The release by T. of M. occurring before W. acceded to the agreement between T. and M., causes the decision in *Wood* v. *Moriarty,* 15 R. I. 518, to be inapplicable. When W. brought his action, there was no agreement between T. and M. for W. to adopt or ratify or recognize.

DEFENDANT'S petition for a new trial.

The plaintiffs' petition for a new trial in this case is reported 15 R. I. 518, 523. The trial took place before a jury at the October Term, A. D. 1887, of this court, and resulted in a verdict for the plaintiffs. The defendant then filed this petition.

*April* 28, 1888.   DURFEE, C. J.   This is the case in which a new trial was granted at a former term.   The release given by Joshua W. Tibbetts to the defendant, in part consideration for which it was claimed that the defendant agreed with Tibbetts to pay to the plaintiffs what he owed them, was given August 26, 1885.   At the second trial Tibbetts testified that he forthwith informed the plaintiffs of the agreement.   Alanson P. Wood was called as a witness for the plaintiffs, and testified that he was their business manager or salesman; that, immediately after the information was received, he went to see the defendant, and asked him what would become of the bill against Tibbetts, and that the defendant said that, as soon as the job was finished, it would be paid; that he told the defendant that that was not the understanding; it was to be cash.   In cross examination, he testified that he asked the defendant for the cash at that time, and the defendant said he would pay when the job was completed.   According to the plaintiffs' testimony, no other demand was made on the defendant until about a fortnight before the commencement of this action, when the defendant refused.   The action was begun February 20, 1886.   The defendant denied that he ever promised payment, or that he was ever asked for payment, until about a fortnight before the action.   In the cross examination of Tibbetts, the defendant produced a release given to him by Tibbetts, which was verified by the witness, and which was not subsequently impugned or impeached.   It purports to release and discharge the defendant, in consideration of twenty-five dollars and other considerations paid, " of and from all and all manner of action and actions, cause and causes of action, suits, debts, sum and sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatever, in law and in equity, which against the said Moriarty I ever had, now have, or which I, my executors or administrators, hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever, from the beginning of the world to the day of the date of these presents."   The release was given September 22, 1885.   At the close of the plaintiffs' testimony, the defendant moved for a nonsuit, assigning the release as one ground of the motion.   The court denied the mo-

tion. Subsequently, when the case was going to the jury, the defendant asked the court to instruct the jury as follows, to wit: " It being in evidence uncontradicted that Tibbetts, on September 22, 1885, for a valuable consideration paid to him therefor, released the defendant from all claims and causes of action, it is a bar to this action, and the verdict must be for the defendant." The court refused the request. The defendant reserved exceptions both for the denial of the motion and the refusal of the request, and now moves for a new trial for error in the ruling ; and also on the ground that the verdict is against the evidence and the weight thereof.

We think a new trial should be granted. It is only because of the contract entered into between the defendant and Tibbetts, by which the defendant agreed with Tibbetts to pay for him his debt to the plaintiffs, that the plaintiffs can claim any right of action against the defendant. That contract was in origin simply a contract between the defendant and Tibbetts, and of course they had power, having made it, to unmake it, by release or otherwise, so long as no third person had acquired any right under it. The difficulty has been in such cases to make out for the creditor any right or relation of privity with the party agreeing to pay the debtor's debt, so as to entitle the creditor to maintain suit against such party directly, and many courts have deemed the difficulty to be insuperable. When this case was before us formerly, the court was of opinion that it was not distinguishable in principle from other cases previously decided by this court, in which such actions had been sustained, and sustained this action on the ground that the contract — whether regarded as a contract for the benefit of the plaintiffs, if they chose to treat it so, or as imposing a duty on the defendant from which a contract for their benefit might be implied — was such that it was open to the plaintiffs to accede to it by accepting its terms, and taking the defendant as the party to pay the debt in lieu of Tibbetts, and that by bringing suit directly against the defendant they did so accede in an unequivocal manner. At the time of the decision, there was no proof or suggestion of any release, and the decision rested on the assumption that the contract was still obligatory on the defendant when suit was brought. It now appears that by force of the release all agree-

ments between Tibbetts and the defendant had ceased to exist some months.before, and consequently that there was then no contract to which the plaintiffs could accede. The ground of action had been extinguished. The plaintiffs cannot complain of this, if they had not previously acceded, since until their accession the contract was simply between the defendant and Tibbetts, and could be annulled by them, without any injustice to the plaintiffs, their claim against Tibbetts remaining unaffected. The only escape from this conclusion is for the plaintiffs to show that they had acceded before the release. There is, in our opinion, no evidence of any such prior accession. The only evidence on which it can be claimed that there was a prior accession is the testimony of Alanson P. Wood, that he asked the defendant to pay the debt in cash, which the defendant refused to do, saying that the debt should be paid when the job was finished, Wood replying that that was not the understanding. The evidence simply shows that the plaintiffs wanted to have the defendant keep his contract with Tibbetts and pay the latter's debt to them, and accordingly asked him to do so. Wood did not, as their agent, undertake to commit them to the agreement, or to accept for them the defendant in place of Tibbetts, and did not do or say anything inconsistent with their continuing to look to Tibbetts for the debt. Nothing took place which could have precluded their suing Tibbetts the next day, if they chose, — nothing which would warrant the jury's finding that they had accepted the defendant in lieu of him, thereby releasing him. If anything will answer short of bringing suit, it must surely be something more unequivocal than then occurred.

*Petition granted.*

*Daniel R. Ballou & Frank H. Jackson,* for plaintiff.
*James Tillinghast,* for defendant.