EDGAR P. DAVIS ET AL. V. NATIONAL BANK OF COMMERCE.

FILED JUNE 21, 1895.   No. 5624.

**Election of Remedies:** FRAUDULENT CONVEYANCES: AGREEMENT TO PAY GRANTOR'S DEBTS: ATTACHMENT.   Where one' has received a conveyance of certain property in consideration of which he absolutely agreed to pay the debts of the grantor, it is no defense to the suit brought by the holder of such debt to allege that such holder has previously brought suit against the party originally owing the same, aided by an attachment which has been levied upon the property conveyed as still that of the aforesaid grantor.

ERROR from the district court of Douglas county.   Tried below before IRVINE, J.

R. S. Ervin, for plaintiffs in error, cited : Wilson v. Wilson, 30 O. St., 365 ; Milroy v. Spur Mountain Iron Min-

*ing Co.*, 43 Mich., 231; *Buchanan v. Dorsey*, 11 Neb., 373; *Trimble v. Strother*, 25 O. St., 378; *Judson v. Gray*, 17 How. Pr. [N. Y.], 289; *Auburn City Bank v. Leonard*, 40 Barb. [N. Y.], 119; *Brewer v. Maurer*, 38 O. St., 543; *Wood v. Moriarty*, 14 Atl. Rep. [R. I.], 855; *Romain v. Judson*, 26 N. E. Rep. [Ind.], 563; *Parmalee v. Wiggenhorn*, 6 Neb., 322.

*A. C. Troup, contra.*

RYAN, C.

On the 8th day cf February, 1888, plaintiffs in error entered into a written agreement with the firm of Kaufman Bros., by the terms of which the said plaintiffs in error agreed to pay certain debts of Kaufman Bros. The consideration upon which the agreement was based was the transfer of all the property of said firm and its members, subject to certain exemptions of homestead rights enumerated, to the plaintiffs in error. The defendant in error holds certain notes which the plaintiffs in error by the terms of the above agreement were bound to pay. For the purpose of this case it may be assumed that the defendant in error is subject to the same rules as would have been its predecessor in right as to the above notes, which predecessor was the Bank of Commerce. When the above transfer was made by Kaufman Bros. the Bank of Commerce held the notes herein sued upon by the defendant in error. This bank at once began proceedings for the collection of said notes against the firm of Kaufman Bros., the maker thereof, aided by an attachment which was levied upon the goods transferred to plaintiffs in error. In this attachment case the alleged *mala fides* in the above transfer was the particular fraudulent intent, because of which the aid of an attachment was invoked. The cases of *Kaufman v. Coburn*, 30 Neb., 672, and *Kaufman v. United States National Bank*, 31 Neb., 661, were out-

growths of litigation over the same questions as were raised in the above attachment suit. In one of these cases the Bank of Commerce was involved, and it was determined that the transfer assailed as such was not fraudulent as against Kaufman Bros. The sole question now presented is whether or not the attachment proceeding was such an election of remedies and raised such an estoppel that the defendant in error cannot now avail itself of the undertaking of the plaintiffs in error to pay the debt due to it. The commencement of the suit by the defendant in error against Kaufman Bros. for the collection of this debt was not inconsistent with the claim against the plaintiffs in error created by an agreement to which the defendant in error was not a party. In aid of this suit the defendant in error was entitled to avail itself of the remedy of attachment in a proper case. If the fraud alleged should be sustained, the attached property would be subjected to the debt of the attachment plaintiff. If not sustained, there might nevertheless be a judgment against Kaufman Bros., and this, as we understand it, was the course taken in said attachment case. In any event, this was not a choice of remedies against the plaintiff in error. The debt due the Bank of Commerce was one which the plaintiffs in error absolutely undertook to pay. With reference to that indebtedness the beneficiaries were entitled to hold the plaintiffs in error to the same liability as they could have held the original makers of such notes. As was said in *Kaufman v. United States Nat. Bank, supra,* this was not a case of trust where the plaintiffs in error agreed to sell the property and pay the debts, but one in which they agreed, on consideration of receiving the property, that they would pay the debts specified. It was immaterial, therefore, what course was taken with reference to the property conveyed to the plaintiffs in error, for this was not a case wherein an interest in a trust fund created for the benefit of the defendant was repudiated. The plaintiffs in error, upon a sufficient valu-

able consideration, absolutely agreed to pay this debt, and nothing short of a satisfaction of it in some manner will meet this undertaking.   It is deemed sufficient, so far as the alleged estoppel is concerned, to say that the plaintiffs in error were not parties to the suit wherein the conduct of the defendant in error is claimed to have created an estoppel, neither had they any privity with the parties with respect to the subject-matter thereof.   The judgment of the district court was right and is

                                AFFIRMED.

IRVINE, C., took no part in the determination of this case.