EDWARD KEHOE *vs.* ANDREW B. PATTON.

PROVIDENCE—NOVEMBER 30, 1901.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Implied Contracts.   Novation.*

A promise upon consideration to the debtor of another to pay the debtor's creditor the amount of his claim enures to the benefit of the creditor.

(2) *Election of Remedies. Implied Contracts. Novation.*

The bringing of a suit in equity to set aside a deed, part of the considera-
tion of which was the promise of the grantee to pay the grantor's debt to
the plaintiff, is not in itself such an election of remedies as to waive
the provision in his favor arising out of the grantee's promise where the
suit in equity has not proceeded to a final decree.

(3) *Implied Contracts. Consideration.*

Where a party promises another, in consideration of the transfer of cer-
tain real estate to him, to pay the grantor's creditor the amount of his
claim, the consideration of the deed is such promise, and the law will
not inquire as to the relative value of the land to the debt.

ASSUMPSIT. Heard on petition of defendant for new trial,
and petition denied. See *Kehoe* v. *Patton*, 21 R. I. 223.

PER CURIAM. This case comes before the court upon the
defendant's petition for a new trial after decision of one jus-
tice of this Division, jury trial having been waived.

The specific grounds assigned for the petition are : That
the defendant did not make a valid promise to Doyle to pay
the plaintiff's claim ; that the plaintiff did not release Doyle
as his debtor and accept Patton in his stead ; that the plain-
tiff elected to treat the deed from Doyle to Patton as void,
and to rely upon Doyle for payment, thus waiving any claim
upon the defendant ; that Doyle released defendant from the
payment of this claim before this suit was begun ; that there
were no funds in the hands of the defendant wherewith to
pay this claim.

These points were all urged at the trial of the cause and
are considered in the decision of Mr. Justice Rogers, who sat
in the case. His findings of fact are fully supported by the
evidence, and his conclusions of law are sustained by the de-
cisions of this court. His decision is adopted as the opinion
of the court.

The petition for a new trial is denied, and judgment will be
entered upon the decision.

## DECISION.

ROGERS, J. This is an action of assumpsit to recover the
amount of a debt, and costs in obtaining judgment thereon,

due and owing from one, Peter Doyle, to the plaintiff, and amounting to $214, and the costs to $4.25, and which debt and costs, it is alleged, the defendant promised said Doyle to pay as part of the consideration for a deed of land made by said Doyle to the defendant.

(1)    From the evidence, I find the facts to be, that said Doyle was indebted to the plaintiff in the sum of $214, that being so indebted the plaintiff brought suit against him and recovered judgment for said amount and for costs amounting to $4.25, and that said plaintiff was a judgment creditor of said Doyle on the 14th day of March, 1894, for said aggregated amounts; that on said last-mentioned date said Peter Doyle and his wife joined in a deed of conveyance of certain land to the defendant, the interest of said Doyle in said land being one undivided half part thereof, and the consideration of said deed so far as Peter Doyle's interest in the land was concerned, was said defendant's promise to him to pay said debt to the plaintiff, with certain other indebtedness of said Doyle to divers other parties; that after the making of said promise by the defendant to said Doyle, and after the execution and delivery of said deed from said Doyle to the defendant, the plaintiff brought a bill in equity, which is still pending, against said defendant and said Doyle, to avoid said deed as having been made in fraud of creditors, and which said bill in equity was commenced before the bringing of the case at bar.

The defendant pleaded specially the pendency of the bill in equity as a bar to the maintenance of this action, but the Appellate Division sustained a demurrer to said plea, so the case stood for trial on the general issue.

· In the opinion of the court, the promise made by the defendant to Doyle enured to the benefit of the plaintiff. *Urquhart* v. *Brayton*, 12 R. I. 169.

(2)    Unless something has occurred since the making of that promise to prevent the plaintiff from recovering thereon, the plaintiff would be entitled to recover. The defendant claims that the plaintiff having sued Doyle in equity to avoid the deed, did not accept the provision in his favor arising out of

defendant's promise as a part consideration of the deed to pay Doyle's debt to him, and that that provision or promise in the plaintiff's favor has been thereby waived, rescinded, or barred. The Appellate Division has already decided in this case that bringing the suit in equity did not bar this action, and the defendant's claim seems to me to be practically but a repetition of his plea in bar.

The defendant claims that Doyle released him before the bringing of this action from further liability to pay this debt, and that according to the principle laid down in *Wood* v. *Moriarty*, 16 R. I. 201, the plaintiff is barred from prosecuting the suit against him. The sole evidence of the release he claims was made, was this sentence in his own testimony at the trial of the case at bar, viz.: "Some week or so, after I had paid the Mary Doyle suit, I made a settlement of the claims that I had paid, with Mr. Doyle and showed that I had more than paid the amount of money that there was in my hands of this fund, and made a settlement with him so as to relieve me from the payment of any further claims upon the property."

It is not pretended that there was any release in writing; Doyle does not testify to any release; the defendant did not specially plead the release in bar, when he was pleading specially in bar; and the defendant is a very much interested party and a release is, apparently, the last resort. It would have been against Doyle's interest to have released the defendant, for, if the defendant does not pay the plaintiff, Doyle would be obliged to pay, for the defendant has admitted that the payment of plaintiff's judgment debt against Doyle was a part of the consideration of the deed, and Hogan, the plaintiff's attorney, swore that the defendant had told him so, and also, that the defendant had more than once assured him that it would be paid. Whoever the plaintiff gets his pay from he only gets it once, and that out of the estate of Doyle; if he gets it from the defendant it then comes out of estate Doyle specially set apart for him, so to speak, and if not paid by the defendant to the plaintiff, Doyle loses the benefit of it, and will remain liable to the plaintiff,

and the defendant will put it or keep it in his own pocket, notwithstanding his promise to pay it to the plaintiff. It does not seem probable that Doyle would release the defendant from the promise the latter had made him, and the evidence submitted, with its surroundings, does not satisfy the court that Doyle has so released him.

(3) Much was said on the trial by the defendant as to what he had paid for Doyle, and what he might have bought the estate for at the auction sale or attempted sale. That matters nothing, however, for if the defendant promised Doyle to pay the plaintiff's debt, and this court finds from the evidence he has so promised, the consideration of the deed was such promise, and if he did not make a wise promise, he has only himself to blame.

If the equity suit was no bar to this action, and the Appellate Division has decided it was not, it seems to me that the plaintiff's claim against the defendant remains operative and in full force.

The finding and decision of the court is that the defendant did promise in manner and form as the plaintiff hath declared against him, and damages are assessed in the sum of $317.43, being the amount of the judgment plaintiff recovered against said Doyle, with interest thereon from the rendition of said judgment to the rendering of this decision, for which sum, together with costs, the plaintiff is entitled to judgment against the defendant.