BETHLEHEM IRON CO. v. HOADLEY.

(Circuit Court, D. Rhode Island.  March 30, 1907.)

No. 2,785.

1. CONTRACTS—PLEADING—DECLARATION—ALLEGATION OF CONTRACT.

A declaration which alleges a conveyance of real estate by a third party to defendant "upon his express promise and agreement as to the consideration for said conveyance to him" that he should thereafter pay to plaintiff and the other creditors of the grantor 50 per cent. of their claims and judgments against said grantor sufficiently alleges the making of a contract by defendant to make such payments.

2. SAME—CONTRACT FOR BENEFIT OF THIRD PERSONS—RIGHT OF ACTION TO ENFORCE.

The right of a third person to sue upon a contract made for his benefit being fully established by decision in Rhode Island, such rule of the state court is controlling upon a federal court sitting in that state. But whether the state decisions can be extended so far as to sustain an action on a contract to pay only a percentage of a debt due from the promisee to the plaintiff, quære.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 798.]

3. SAME—ACTION TO ENFORCE—PLEADING.

A declaration which alleges a contract between defendant and a third party, by which defendant promised for a valuable consideration to pay 50 per cent. of the amount of the "claims and judgments" of creditors of the promisee, does not state a cause of action in favor of the plaintiff, who subsequently obtained a judgment against such promisee, although it was based on an indebtedness existing when the contract was made, since the claim as then existing was merged in the judgment, and the contract as alleged covers only such judgments as were then in existence.

At Law.  On demurrer to declaration.

John A. Tillinghast and Frederick W. Tillinghast, for plaintiff
Henry W. King and Wm. A. Morgan, for defendant.

BROWN, District Judge.  The first point on demurrer is to the effect that the declaration does not sufficiently allege the making of a contract between the defendant and the Corliss Steam Engine Company.  The declaration alleges a conveyance of real estate by the Corliss Company to the defendant, "upon his express promise and agreement as to the consideration for said conveyance to him that he, the said Alfred H. Hoadley, should thereafter pay the plaintiff and said other creditors of said Corliss Steam Engine Company 50 per cent. of the amount of their said claims and judgments against said Corliss Steam Engine Company," etc.  While a more direct form of allegation would have been preferable, it sufficiently appears that the consideration for the conveyance by the Corliss Company was the defendant's agreement to pay the plaintiff and other creditors.  As the declaration subsequently speaks "of said promise and agreement of said Alfred H. Hoadley, so made to said Corliss Steam Engine Company," the declaration in substance alleges a contract between the Corliss Company and Hoadley.  This objection is not substantial.

The second point on demurrer is that the contract set forth is not such a contract as entitles the plaintiff to sue the defendant thereon.  The right of a third person to sue upon a contract made for his benefit

seems thoroughly established in Rhode Island. Kehoe v. Patton, 23 R. I. 360, 50 Atl. 655; Munroe v. Prov. Firemen's Relief Ass'n, 19 R. I. 363, 34 Atl. 149; Wood v. Moriarty, 15 R. I. 518, 9 Atl. 427; Urquhart v. Brayton, 12 R. I. 169; Merriman v. Social Mfg. Co., 12 R. I. 175; Phenix Foundry Co. v. Lockwood, 21 R. I. 556, 45 Atl. 546; Wilbur v. Wilbur, 17 R. I. 295, 21 Atl. 497. The authorities are so numerous to the effect that, upon a question of this character, the federal court will follow the rule of the state court, that a citation of them is unnecessary. It is also unnecessary to consider in detail the various decisions of the Supreme Court of the United States relating to the general question of the right of a third party to sue. This right is to be determined upon the state decisions. I find no support in the declaration for the defendant's point that the contract in the case at bar was under seal. This is not an inference from any fact alleged in the declaration. It is apparent from the decisions in Wood v. Moriarty, 15 R. I. 518, 9 Atl. 427, and Phenix Foundry Co. v. Lockwood, 21 R. I. 556, 45 Atl. 546, that, when a creditor proceeds against one who has promised to pay the debts of the original debtor, the original debtor's obligation is released. The Rhode Island decisions treat the substitution of a third party for the original debtor as practically a novation. The contract set up in the declaration presents one peculiarity, in that the promise was to pay only 50 per cent. Therefore this could not be a complete novation, and, if the plaintiff acceded to the arrangement and elected to hold the defendant Hoadley for 50 per cent. only of the claim, it still held the Corliss Company for the remaining 50 per cent. Whether there can be a splitting up of liabilities in this way is a matter upon which I have considerable doubt; but, as it has not been argued, the point may be reserved for further hearing.

The third point on demurrer is that the plaintiff, by bringing suit and recovering judgment against the Corliss Steam Engine Company, signified its refusal to become a party to the contract. The declaration shows that, at the time of the promise by Hoadley, the plaintiff's claim against the Corliss Company was upon a promissory note, and upon book account, and that it proceeded to judgment against the Corliss Company thereon. The result of this is that the note and book account are extinguished and merged in the judgment. Ober v. Gallagher, 93 U. S. 199, 206, 23 L. Ed. 829. No effect, therefore, can be given to allegations of the declaration that the defendant promised to pay 50 per cent. of the promissory note and book account. The plaintiff, having sued the note and book account to judgment, could no longer proceed on the defendant's promise to pay the original obligations. A suit by the plaintiff on the original obligations, either against the Corliss Company or against the defendant as a substituted party, would be barred by the fact that these claims were merged in the judgment. The obligation of the Corliss Company then became of record, and the plaintiff's further remedy was either upon execution or by action of debt on the judgment. The declaration, however, alleges as a consideration for the conveyance that the defendant should pay the plaintiff and other creditors 50 per cent. of the amount of their claims and judgments. The plaintiff in this case can recover,

therefore, if at all, only on a promise to pay the judgment. It is apparent from the declaration that the judgment recovered by the plaintiff against the Corliss Company did not exist at the date of the contract between the Corliss Company and Hoadley. The plaintiff, therefore, can recover, if at all, only upon a contract to pay future judgments. Such a contract is not properly alleged in the declaration, since the word "judgments" therein must be construed to mean judgments then in existence. As the note and book account as causes of action have been extinguished as appears by the allegations of the declaration as to the judgment, and as the declaration alleges no promise to pay judgments other than those then in existence, it must be held that the declaration is insufficient in its failure to set forth any contract between Hoadley and the Corliss Company whereon the plaintiff is now entitled to sue as beneficiary. This case well illustrates the difficulties ensuing from a departure from the rule that only parties to a contract or their representatives are entitled to sue thereon. As has been before intimated, I am by no means certain that the Rhode Island decisions can be extended so far as to cover a contract to pay only a percentage of the indebtedness. In passing upon this demurrer, I do not intend to pass finally upon this question. I am of the opinion that the demurrer should be sustained for the reason that the declaration does not set forth any contract upon which the plaintiff is entitled to sue the defendant. The judgment against the Corliss Company seems to me to bar the plaintiff from any further proceeding against the defendant, save upon a promise to pay the judgment. The contention of the defendant that the relations of the promisor and promisee to the third party are those of principal and surety seems inconsistent with the express decisions of the Rhode Island court, to the effect that the rights of the third party are substitutional. The cases of Davis v. National Bank of Commerce, 45 Neb. 589, 63 N. W. 852, Rodenbarger v. Bramblett, 78 Ind. 213, and Rothermel v. Bell Coal Co., 79 Ill. App. 667, also seem inconsistent with the theory of the Rhode Island cases. See especially Wood v. Moriarty, 15 R. I. 518, 9 Atl. 427. The third cause of demurrer seems good to the extent that it applies to a promise to pay the promissory note and book account. The second cause of demurrer seems well taken for the reasons hereinbefore stated.

Demurrer sustained.