## COUNTY OF WASHINGTON.

### JONES A. BOHANAN *versus* S. W. POPE *& al.*

Where, by simple contract, a party stipulates for a valuable consideration with another, to pay money or do some other beneficial act for a third person, the latter, if there be no objection other than a want of privity between the parties, may maintain an action for breach of such engagement.

But if such third person elect, as he may do, to seek his remedy directly against the party with whom his contract primarily exists, there is an implied abandonment of the other remedy.

The two remedies are not concurrent, but elective.

A. contracted to haul logs for B., who agreed to pay A.'s men. D. worked for A. in getting the lumber into the stream: — *Held*, that he might recover pay for his labor of either A. or B. : — *Held*, also, that having elected to look to A., and by suit having recovered a part of his pay of him, he could not afterwards maintain an action against B. to recover pay for the same labor.

ON FACTS AGREED from *Nisi Prius*.

This was an action of assumpsit brought upon a contract. The general issue was pleaded and joined, with a brief statement, setting forth that the plaintiff had been paid for the labor named in his writ by one Henry P. Whitney, or by reason of the judgment hereinafter mentioned, for whom he

worked, and that said plaintiff recovered judgment against said Whitney in a suit for the same labor, and enforced his lien for said labor upon the logs he worked upon, by a sale of the same by D. G. Wilson, deputy sheriff, on the execution, at public auction.

It was agreed that the plaintiff was hired by Henry P. Whitney and worked upon said logs in hauling and cutting them. That before hiring him, Whitney showed him said contract, and plaintiff read it, and Whitney told him he had no other way of paying except through the contract; that there was due from Whitney to plaintiff for his labor $50,85, for which Whitney gave plaintiff an order on defendants; that plaintiff presented the order soon after to defendants, who refused to accept or pay it, and said order has never since been paid, unless by reason of a sale of said logs upon execution. Whitney put a four ox team into the woods, and hauled logs in accordance with the contract. He did not drive the logs, but the defendants drove them and charged Whitney for the same in account. There has been no settlement between Whitney and defendants for the operation. Defendants have an account against Whitney for supplies, &c., under said contract, amounting to $1160,29, and a credit of $1020,73 in his favor, and there was a balance of account against Whitney at the date of the writ.

On May 22d, 1853, plaintiff sued said Whitney for said sum of $50,85, claiming a lien for labor on the logs marked five notches and a cross, on which writ, the said mark of logs then in the boom, were attached May 27, 1853; the action was defaulted October term, 1853; and the execution duly issued, was seasonably put into the hands of D. G. Wilson, a deputy sheriff, who seized the said mark of logs, and duly advertised and sold the same at public auction, Nov. 3, 1853, for the sum of five dollars, to one Folsom, and discharged upon said execution the sum of ninety-six cents, and returned the execution satisfied for that amount and no more. And the same has never been satisfied or paid, except so far as may be by said sale of logs.

If, upon the above statement of facts, the full Court should be of opinion that the plaintiff can maintain his action, the defendants are to be defaulted; otherwise, the plaintiff is to become nonsuit.

*George W. Dyer*, for plaintiff.

1. Defendants are liable in this action, because by their contract with Whitney they agreed to pay Whitney's hired men one-third of their wages when the logs got into the boom, and two-thirds in three months afterwards.

The case finds that this contract was made known to plaintiff before hiring, and that he was informed by Whitney that he had no other way of paying him; that plaintiff hired with Whitney, and performed the labor mentioned in the contract; that the logs were in the boom May 27, 1853, more than three months before this action was commenced; that defendants have not actually paid plaintiff, and that he is still unpaid.

It does not affect plaintiff, whether Whitney did or did not perform his contract with defendants.

2. The pleadings put the defence to this action upon the ground of *payment* through the execution *Bohanan* v. *Whitney*, and do not offer the judgment, &c., in that action as a *bar* to the recovery in this action.

The case finds that the debt sued in this action was not in fact paid through the execution of *Bohanan* v. *Whitney*, except to the extent of ninety-six cents, and that the said execution was satisfied for so much, and for no more.

3. If the judgment in *Bohanan* v. *Whitney* is in effect pleaded in bar, then the parties to this action, and to *Bohanan* v. *Whitney*, are not the same, nor privies. 1 Greenl. Ev. § § 523, 535. The plaintiff had his right of action against defendants, as well as against Whitney, severally, and the judgment *Bohanan* v. *Whitney* is no bar to this action. 1 Greenl. Ev. § § 533, 539, and cases there cited.

Defendants have their right of action over against Whitney.

*George Walker*, for defendants.

The plaintiff had a contract with two branches to it. Either he might hold Whitney or the defendants, but not both. To

select one was to relieve the other. After plaintiff had selected Whitney as the party with whom he had contracted, and who was to be liable, and that liability was perfected by a judgment, defendants then had a right to suppose that they were relieved from the contract, and might settle with Whitney and pay him.

It follows, that the judgment against Whitney is in the nature of a bar or estoppel to the plaintiff's right to recover; and for the reason that estoppels are applied to prevent litigation and circuity of actions, the plaintiff should not have his action first against Whitney, then against defendants, and the defendants over again to Whitney.

Nor was it necessary that the judgment *plaintiff* v. *Whitney* should be pleaded in *bar.* It is sufficient if it be set out in the brief statement. *Potter* v. *Titcomb,* 16 Maine, 423.

*Dyer,* for plaintiff, replied.

MAY, J.— It is undoubtedly true, as a general proposition, that no action can be maintained upon a contract, except by some person who is a party to it. But this rule of law, like most others, has its exceptions; as, for instance, where money has been paid by one party, to a second, for the benefit of a third, in which case the latter may maintain an action against the first for the money. So, too, where a party for a valuable consideration stipulates with another, by simple contract, to pay money or do some other act for the benefit of a third person, the latter, for whose benefit the promise is made, if there be no other objection to his recovery than a want of privity between the parties, may maintain an action for a breach of such engagement. This principle of law is now well established both in this State and Massachusetts. *Hinckley & al.* v. *Fowler,* 15 Maine, 285; *Felton* v. *Dickinson,* 10 Mass, 287; *Arnold & al.* v. *Lyman,* 17 Mass. 400; *Hall* v. *Marston,* 17 Mass. 575; *Carnigie* v. *Morrison,* 2 Met. 381, and *Brewer* v. *Dyer,* 7 Cush. 337.

In this last case, it is said by BIGELOW, Justice, as the opinion of the full Court, that the rule "does not rest upon the

ground of any actual or supposed relationship between the parties, as some of the earlier cases would seem to indicate; nor upon the reason, that the defendant by entering into such an agreement, has impliedly made himself the agent of the plaintiff; but upon the broader and more satisfactory basis, that the law, operating upon the act of the parties, creates the duty, establishes the privity, and implies the promise and obligation, on which the action is founded."

But while the law does this in favor of a third person, beneficially interested in the contract, it does not confine such person to the remedy which it so provides; he may, as the authority last cited shows, if he choose, disregard it and seek his remedy directly against the party with whom his contract primarily exists. But if he does so, then such party may recover against the party contracting with him, in the same manner as if the stipulation in the contract had been made directly with him and not for the benefit of a third person. The two remedies are not concurrent but elective, and an election of the latter implies an abandonment of the former.

Applying these principles to the facts in the present case, it appears that the plaintiff, he being one of "the hired men" whom the defendant by the terms of his contract with Whitney was to pay, might, if he had chosen so to do, have brought his action in the first instance against the defendant, relying upon the beneficial interest secured to him in said contract; or, disregarding this remedy, he might have elected to rely upon the original undertaking of Whitney, and therefore have proceeded against him. The facts show that he elected the latter mode, and having done so, he must be regarded as having thereby consented that Whitney should be at liberty to avail himself of the funds, which he had set apart in the contract for the payment of the plaintiff, (if any such there were,) in order that he might be able by means of such funds, if necessary, to satisfy such judgment as the plaintiff might recover against him. By such election the plaintiff relinquished all claim upon the particular funds appropriated for his benefit and gave to Whitney the control and disposition thereof.

This defence, avoiding and repelling, as it does, the promise declared on, may properly be shown under the general issue. Gould's Pleading, c. 6, § § 47, 48.          *Plaintiff nonsuit.*

TENNEY, C. J., and HATHAWAY, APPLETON and GOODENOW, J. J., concurred.