McKinstry and others *vs.* Runk and others.

Parol evidence is admissible to prove a new and distinct agreement, upon a new consideration, abrogating a prior written agreement.

THE CHANCELLOR. The complainants show but very little ground for the favorable consideration of a court of equity.

They owed the money due on the judgment. This is not disputed. The plaintiffs in that judgment, Runk and Ten Eyck, were the proper persons for them to settle with. The negotiation, or arrangement with Fisher, was a mere matter of speculation on their part; and taking into consideration the age of old Mr. Todd, and the position Fisher occupied towards him, it was not right or creditable in the complainants to buy up a lawsuit with the defendants. Although there is no direct evidence of the fact, there is enough in the case to show that it was well understood Runk and Ten Eyck did not recognise any claim or interest of Todd in the judgment, and that they claimed to hold the judgment under a different agreement from that under which Fisher claimed his assignment from Todd.

I do not think that the evidence shows that McKinstry paid anything on his agreement with Fisher. It is true

this is not material, for it can make no difference to the defendants whether any consideration did or did not pass between Fisher and McKinstry; but the fact goes to show their want of faith in the validity of the paper which they were dealing upon—the original agreement upon which Runk and Ten Eyck received the note from Todd. The whole character of the transaction plainly shows that the defendants did not recognise that agreement, and claimed the note, and to hold the judgment upon it, under some other arrangement. At all events, it was the duty of the complainants to have called upon the defendants for information, and they cannot now complain that the defence set up is a surprise upon them. It is their own negligence, in not making the proper inquiry, that has occasioned the surprise, and not any delinquency of the defendants.

Mr. Mann's testimony is entitled to the fullest confidence. He proves that the agreement between Todd and the defendants, under which Fisher and the complainants allege to claim an interest in the judgment, was abrogated, and that the note upon which the judgment was recovered was held under a subsequent and very different agreement. Under the agreement proved by Mr. Mann, it is not pretended that the complainants have any ground for this suit.

Parol evidence is admissible to prove a new and distinct agreement upon a new consideration. 1 *Greenleaf*, § 303. It is true such subsequent agreement should be proved by very clear and satisfactory evidence. I think it is in this case. We know the witness as a very accurate and reliable man. His testimony is decided and very positive. He testifies to the fact of the subsequent agreement, and its character, without any doubt or hesitation.

The bill must be dismissed with costs.