HENRY B. WOOD & ANTHONY G. WOOD, Copartners, *vs.* THOMAS MORIARTY.

Parol evidence is admissible to show a different consideration for a deed than that expressed, provided the different consideration be not inconsistent with the expressed, and do not change the effect of the deed.

If B., being a debtor of C., makes an agreement with A. whereby A., for a consideration moving from B., assumes B.'s debt to C., then C. may maintain an action against A. for the debt.

Such an agreement between B. and A. is an original substitutional contract, and not within the statute of frauds.

By bringing suit against A., the contract between B. and A. is adopted by C. as made. Hence C. by suing A. discharges B.

*Urquhart* v. *Brayton,* 12 R. I. 169, affirmed.

One Tibbetts contracted with one Moriarty to build certain houses. One Wood furnished material to Tibbetts. Tibbetts afterwards, for $25, by a sealed instrument, released or transferred the contract to Moriarty.

In *assumpsit* by Wood against Moriarty for the price of the materials furnished to Tibbetts, —

*Held,* that parol evidence was admissible to show that a further consideration of the instrument of release or transfer was the assumption by Moriarty of claims against Tibbetts.

*Held,* further, that Wood could maintain his action of *assumpsit* against Moriarty.

STINESS, J., non-concurring.

PLAINTIFFS' petition for a new trial.

*March* 19, 1887. DURFEE, C. J. This is *assumpsit* for the price of lumber furnished to one Joshua W. Tibbetts for use in the erection of two houses for the defendant, Tibbetts having entered into a written contract with the defendant to build the houses before the lumber was furnished. Tibbetts, after going on for a while in the execution of the contract, released or assigned it to the defendant by an instrument under seal. The instrument begins by reciting the existence of the contract, and proceeds as follows, to wit: —

"Now know ye that, for good and sufficient reasons, and in consideration of the sum of twenty-five dollars paid to me this day

by said Moriarty, I hereby transfer and assign said contract back to said Thomas Moriarty, he agreeing to relieve me from further obligation under it, and I hereby releasing him from all claims or demands of whatever kind I may have or have had up to this day, August 26, 1885, against said Moriarty, I hereby acknowledging full payment for said claims and demands, and this shall be his receipt in full for the same to date, meaning hereby to convey to the said Moriarty all my right, title, and interest into and under said contract, desiring to relieve myself from completing the work under the contract, and hereby agree to withdraw from said work on said houses, and leave them to his sole charge and care."

At the trial, testimony was introduced or offered to prove the purchase of the lumber; the execution of the release or assignment; that the defendant, besides paying the consideration recited therein, agreed, by way of further consideration, to pay all bills incurred by Tibbetts on account of the contract released; that among these bills was the bill of the plaintiffs for lumber; and that notice of the arrangement between Tibbetts and the defendant was given by Tibbetts to the plaintiffs. The testimony as to the agreement to pay the bills incurred by Tibbetts was allowed to go in _de bene esse_, and at the close of the testimony for the plaintiffs the court directed a nonsuit. The plaintiffs petition for a new trial.

The questions are, whether the plaintiffs were entitled to prove by oral testimony that the defendant agreed to pay the bills incurred by Tibbetts under his contract, by way of further consideration for the release or assignment, and if so, whether, upon proof thereof, the plaintiffs could maintain their action.

The general rule is, that parol evidence is inadmissible to contradict, add to, subtract from, or vary the terms of any written instrument. But when the instrument is a deed, it is held to be no infringement of the rule to permit a party to prove some other consideration than that which is expressed, provided it be consistent with that which is expressed, and do not alter the effect of the instrument. 1 Greenleaf on Evidence, § 304. In _Miller_ v. _Goodwin_, 8 Gray, 542, it was held that an agreement under seal by a man with a woman who afterwards became his wife, to convey certain real estate to her in consideration of past services,

could be supplemented by parol proof that the agreement was for the further consideration of marriage between the parties. See, also, *Villers* v. *Beamont*, 2 Dyer, 146 *a*; 2 Phillips on Evidence, *655. In *McCrea* v. *Purmort*, 16 Wend. 460, the consideration of a deed conveying land was expressed to be money paid, and it was held that parol evidence was admissible to show that the real consideration was iron of a specific quantity, valued at a stipulated price. *Murray* v. *Smith*, 1 Duer, 412 , *Jordan* v. *White*, 20 Minn. 91 ; *Tyler* v. *Carlton*, 1 Me. 175 ; *Nickerson* v. *Saunders*, 36 Me. 413 ; *National Exchange Bank* v. *Watson*, 13 R. I. 91 ; 2 Phillips on Evidence, *655, Cowen & Hill's Notes, No. 490. We think the nonsuit is not sustainable on this ground.

The defendant contends that the agreement was within the statute of frauds, being an agreement not in writing to answer for the debt of another. But an agreement to answer for the debt of another, to come within the statute of frauds, must be an agreement with the creditor. A promise by A. to B. to pay a debt due from B. to C. is not within the statute of frauds. *Eastwood* v. *Kenyon*, 11 A. & E. 438 ; Browne on the Statute of Frauds, § 188. The contract here, as made between Tibbetts and the defendant, was certainly not within the statute. The question, therefore, takes this form, namely, whether the plaintiffs are entitled to take advantage of the contract and bring suit upon or under it, and if so, whether to such suit the statute is not a good defence. Some of the cases cited for the plaintiffs cover both these points completely. *Barker* v. *Bucklin*, 2 Denio, 45 ; *Johnson* v. *Knapp*, 36 Iowa, 616 ; *Barker* v. *Bradley*, 42 N. Y. 316, 1 Amer. Rep. 521 ; *Beasley* v. *Webster*, 64 Ill. 458 ; *Jordan* v. *White*, 20 Minn. 91 ; *Joslin* v. *New Jersey Car Spring Co.* 36 N. J. Law, 141 ; *Townsend* v. *Long*, 77 Pa. St. 143, 146. Similar citations might be multiplied if we cared to load our opinion with them. See Browne on the Statute of Frauds, §§ 166 *a*, 166 *b*, and notes. On the other hand, the cases are numerous which hold that such an action is not maintainable for want of privity between the parties. Mr. Browne, in § 166 *a*, says that this is the settled doctrine in England, Michigan, and Connecticut ; that in North Carolina and Tennessee the question seems to remain open ; and that in Massachusetts the English doctrine seems to be growing in favor,

contrary to the earlier cases; but that in the other states the creditor's right to sue has been generally recognized. The course of decision in this State favors the creditor's right to sue, and in principle, we think, recognizes it, though it has not hitherto extended to a purely oral contract. *Urquhart* v. *Brayton*, 12 R. I. 169; *Merriman* v. *Social Manufacturing Co*. 12 R. I. 175. Courts that allow the action generally hold that it is not affected by the statute of frauds, though, as Mr. Browne remarks, they do not unite in the reasons which they give for so holding. Mr. Browne himself suggests that the contract, as between the creditor and promisor, arises by implication out of the duty of the promisor under his contract with the debtor, and that, being implied, it is not within the statute of frauds. Browne on the Statute of Frauds, § 166 *b*. The view accords with the doctrine of *Brewer* v. *Dyer*, 7 Cush. 337, where the court remark, p. 340, "that the law, operating on the act of the parties, creates the duty, establishes the privity, and implies the promise and obligation on which the action is founded."

The *diversity* of decision shows that the action cannot be maintained without resorting to implications or assumptions which the courts do not always find it easy to allow, and which they sometimes refuse to allow. It seems to us that we shall best find the grounds, if there are any, on which the action can be maintained, by an analysis or explication of the contract with the debtor. The contract is this: A. agrees with B., for a consideration moving from B., to pay to C. the debt which B. owes to C. The contract is absolute. If A. does not pay the debt, and B. has to pay, *it is* broken. It is, therefore, a contract by A. to pay the debt in lieu of B., or in relief of B.; to take it on himself, and become, so far as he can independently of C., the debtor of C. in place of B. The contract, as between A. and B., is not collateral, but substitutional. But, this being so, how does C., who is not a party to it, get the right to sue A. upon or by reason of it? It has been held that he gets this right directly from the contract itself, because B., in making it with A., makes it for C., if C. desires to accede to it, as well as for himself, so that C. has only to ratify or assent to it, which he does unequivocally by suing on it. But, in this view, if C. accepts the contract, he must accept it as

made ; that is, as a contract by which A. agrees that he, instead of B., will pay the debt which B. owes to C. C. cannot, at the same time, assent to the contract and dissent from the terms of it. Accordingly, if he sues A. on the contract, he must sue him instead of B., and cannot also sue B., and B. is therefore released. But, as we have seen, another view has been taken. It has been held that the contract between A. and B. imposes a duty upon A. to pay to C. the debt which B. owes to him, and that from this duty the law implies a promise by A. in favor of C. to pay B.'s debt to C. But if a promise is implied from the duty, the promise must correspond to the duty. The duty which the contract imposes upon A. is that he, instead of B., shall pay the debt which B. owes to C., and accordingly so must be the promise to be implied from it. If, therefore, C. sues A. upon the implied promise, he must sue him as liable, instead of B., for the debt of B. to him, C. ; he cannot consistently sue both A. and B., and consequently B. is released.

We do not claim that either of these views is free from difficulty. Either of them, however, is free from one difficulty which other views encounter, and which is a principal reason why the courts which refuse to allow the action refuse to do so. Other views give the creditor the benefit of the new contract for nothing, since they allow him still to retain his hold upon the original debtor ; whereas, according to either of the views above set forth, the creditor cannot have the benefit of the new contract without assenting to the terms of it, thereby releasing the original debtor, so that the assent is in itself a consideration. As cases which support these views we will refer to *Warren* v. *Batchelder*, 16 N. H. 580 ; *Bohannan* v. *Pope*, 42 Me. 93. See, also, *Clough* v. *Giles*, 2 New Eng. Reporter, 870. Of course, if either view be correct, the liability under the contract is not collateral, but direct and substitutional, and therefore not within the statute of frauds.

We do not think this case is distinguishable in principle from *Urquhart* v. *Brayton*, 12 R. I. 169. The doctrine of the latter case is not only just and convenient, but also consonant with the purposes of the parties, and we are not prepared to recede from it. As is remarked by the court in *Lehow* v. *Simonton et al.* 3

Colorado, 346, "it accords the remedy to the party who in most instances is chiefly interested to enforce the promise, and avoids multiplicity of actions."

We think the declaration is proper in point of form, and we do not think the nonsuit is justifiable on the ground of variance.

In *Warren* v. *Batchelder*, 16 N. H. 580, the court held that a demand on the defendant was requisite before suit. Whether this is so we need not decide, for the evidence in this case shows a demand before suit.

STINESS, J., non-concurring.                 *Petition granted.*

*Daniel R. Ballou & Frank H. Jackson*, for plaintiff.

*James Tillinghast*, for defendant.