PHENIX IRON FOUNDRY *vs.* LAWRENCE A. LOCKWOOD *et al.*

PROVIDENCE—FEBRUARY 21, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice at Law. Joinder of Parties Defendant.*

Gen. Laws R. I. cap. 233, § 20, providing that whenever in any action the plaintiff is in doubt as to the person from whom he is entitled to recover, he may join two or more defendants with the view of ascertaining which, if either, is liable, does not authorize the joinder of distinct causes of action against separate defendants.

(2) *Pleading and Practice at Law. Joinder of Actions. Novation.*

Where a plaintiff joins an action against A. with one against B., the latter based upon the assumption by B. of A.'s debt to the plaintiff, the fact of suing A. shows that the plaintiff has not accepted the substituted agreement of B. and makes the actions separate and disconnected, and hence not within the contemplation of said section.

ASSUMPSIT.  In the first count the plaintiff declared against the defendant Lockwood ; in the second count against Lockwood and the Crefeld Electrical Works, setting forth the promise of Lockwood and an agreement between Lockwood and the Crefeld Electrical Works whereby the latter promised the former to pay the plaintiff the original debt, and an implied promise arising to the plaintiff from the Crefeld Electrical Works.  The defendants demurred to the declaration on the ground, among others, of joinder of separate causes of

action against several defendants.    Heard on demurrers to the declaration, and demurrers sustained.

STINESS, J.    In the first count of the declaration the plaintiff has declared against the defendant Lockwood for goods sold.    The second count alleges that the defendant Crefeld Electrical Works, in consideration of the transfer of property to it by said Lockwood, assumed the payment of this debt, and thereby became liable for it to the plaintiff.

The defendants demur to the declaration upon the ground, among others, that it sets forth separate and distinct causes of action against the several defendants.

The plaintiff claims the right to do this under Gen. Laws cap. 233, §§ 20–23, which provide, in substance, that when a plaintiff is in doubt as to the person from whom he is entitled to recover, he may join two or more defendants with a view of ascertaining which is liable; and that no action shall be defeated by the nonjoinder or misjoinder of parties.

These provisions, adopted in Pub. Laws, January, 1876, cap. 563, were taken from the English Judicature Act of 1873.    To that act, 36, 37 Vict. Ch. 66, a schedule of rules of procedure was appended, 8 L. R. Statutes, 350, and, under the head of Parties, the provisions contained in our statute will be found.    Apparently this is the only State which has adopted the provision of joining defendants in case of doubt. 15 Enc. Pl. & Prac. 746.    The English rules, as adopted in 1875, will be found in Aychbourn on Jurisdiction and Practice, 230.    By these rules a plaintiff was authorized to " unite in the same action and in the same statement of claim several causes of action ; " but if they could not be conveniently tried or disposed of together the judge might order separate trials, or might order any of such causes of action to be excluded, and the statement of claim to be amended accordingly. See Order XVII.

This last rule was not incorporated into our statute, and hence the English procedure was much broader than ours. Yet in England it has been settled by the House of Lords, both as to plaintiffs and defendants, that the joinder of causes of

action must be those which arise out of the same transaction.
In *Smurthwaite* v. *Hannay*, App. Cas. L. R. 1894, 494, it was
held that several plaintiffs, each having a cause of action
against the defendant for non-delivery of cotton, where some
of the landed bales could not be identified, could not join in
an action for damages, under the rule : "All persons may
be joined as plaintiffs in whom the right to any relief claimed
is alleged to exist, whether jointly or severally, or in the al-
ternative. And judgment may be given for such one or more
of the plaintiffs as may be found to be entitled to relief," &c.
Lord Herschell, L. C., said : "In what sense can it be said
with accuracy that the different causes of action all arise
out of the same transaction ? The claim is in each case in
respect of a breach of a separate contract to deliver the goods
shipped."

As to the joinder of defendants, the House of Lords has
been equally explicit in its construction of the rule, in hold-
ing that it does not apply to a joinder of separate causes of
action against different parties. In *Sadler* v. *Great Western
R. R.*, App. Cas. L. R. 1896, 450, it was held that claims
for damages against two or more defendants in respect of
their several liability for separate torts cannot be combined
in one action. In that case it was claimed that two com-
panies, by their vans and carts, obstructed the highway in
front of the plaintiff's premises. The plaintiff contended
that the damage to him was the result of the combined acts
of the defendants. Although it was an action of tort, the
decision makes no distinction on that ground, but construes
the rule with reference to pleading generally. Lord Hals-
bury, L. C., said that the plaintiff had set out separate causes
of action against each of the two defendants. Also, "I am
not aware that the judicature act, or any principle that has
ever been acted upon or affirmed in any court has said that
you may confuse several separate and distinct causes of action.
What we used to know as a common law cause of action,
and what *is* a common law cause of action must still remain
so, and as such is open to the incidents of a cause of action,
so as to prevent that which is a separate cause of action

being made a joint cause of action. The pleader having set out the separate causes of action, which he has carefully and accurately described as separate causes of action, how can he construe these separate causes of action so as to bring one action against the defendants in respect of their several liability on separate causes of action? It seems to me that it is impossible to maintain such a proposition."

After these recent and authoritative decisions as to the construction of the rule in England, it is needless to examine other cases which have arisen there, several of which have been referred to in these cases.

(1) Our opinion of the intent of our statute exactly accords with the construction that we find has been given to the present rule in England. We do not think it was intended to wipe out all rules of common law pleading and to try several cases in one. A plaintiff may be in doubt as to the parties liable on a cause of action, and so may bring in all whom he may have reason to think he can hold. But that is a very different thing from joining two defendants on separate causes of action because he is in doubt whether he can maintain one, and, if he does not, then to have an action over against the other. Such, evidently, has been the construction of the bar, for, in the twenty-four years since this statute was adopted, we are not aware that a case like this has arisen before. It is due to the candor of the plaintiff's counsel to say that he frankly admits the logic of such a construction of the rule, and that he rests his claim upon the broad language of the statute, which appears to include the case which he presents.

(2) The reason for the construction we have stated appears clearly from another fact in this case. The plaintiff's claim against the Crefeld Electrical Works is upon an assumption of the payment of Lockwood's debt to the plaintiff. But, as held in *Wood v. Moriarty*, 15 R. I. 518, the consideration for such a contract is the plaintiff's release of his original debtor and the consequent release of the defendant from his liability to the original debtor, which, as said in *Urquhart v. Brayton*, 12 R. I. 169, is practically a novation. But in

this case the plaintiff, by suing both, shows contradictory claims. If either party owes him, the other does not. The count against the defendant Lockwood is properly for work done and goods sold ; the count against the defendant Crefeld Electrical Works is on its substitutional agreement with Lockwood. There is no common cause of action. The latter simply grows out of the former, and follows it in point of time. In this respect it is within the decision of *Burstall* v. *Beyfus*, 53 L. J. R. (N. S.) 565, in which it was held that the joinder in one action of the defendants against whom there is no common cause of action, but that against one is totally disconnected with that against the other, except in so far as it is historically connected as one matter in a transaction, is a misjoinder, and is not contemplated by the rule authorizing the joinder in one action of several causes of action.

If the English rule allowing a joinder of causes of action cannot be construed to allow a joinder of distinct causes against separate parties, much less can it be done under our statute, which relates only to joinder of parties.

Our conclusion is that Gen. Laws cap. 233, § 20, does not authorize the joinder of distinct causes of action against separate defendants, and that the demurrer to the declaration must be sustained.

*C. Frank Parkhurst*, for plaintiff.

*Van Slyck & Mumford*, and *James Harris*, for defendants.