MARY E. BICKNALL *vs.* FRANK J. BICKNALL.

JANUARY 12, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, and Johnson, JJ.

(1) *Novation.*

Where A. had brought an action of deceit, based upon misrepresentations relating to the priority of a mortgage upon the estate of B., against B., and discontinued such action upon the promise of C. to pay the claim, but did not discharge the mortgage upon the real estate, a novation is not established and an action against C. can not be maintained.

ASSUMPSIT.    Heard on petition of defendant for new trial, and granted.

DUBOIS, J.    This is an action of the case wherein the plaintiff declares that she brought her action of deceit to recover the sum of one thousand dollars damage against Edward J. Bicknall, the father of the defendant, and that the defendant, before the return-day of the writ in said action, assumed to pay the plaintiff the said sum in consideration that she would discontinue and abandon her said suit against his father.

She further avers that she agreed to discontinue and did abandon said suit upon the promise of the defendant to pay said sum; and, furthermore, that she released said Edward J. Bicknall from all claims and demands which she had against him and accepted the promise of the defendant in lieu of her claim against his father.

To this the defendant pleads; first, the general issue; and, secondly, *actio non*, because he says that the promise declared on is a special promise to answer for the debt, etc., of another, which must be in writing; to which the plaintiff replies *precludi non*, because the promise declared on was not a special promise to answer for the debt, etc., of a person other than the defendant, but was a direct and unequivocal assumption of the said debt, by the said defendant, as and for his own debt, in consideration of her forbearance to prosecute her suit against his father.

After verdict for the plaintiff the defendant filed his petition for a new trial, upon the following grounds: First, because the verdict was contrary to law and against the evidence and the weight thereof; second, because the court erred in refusing to charge the jury as requested by the defendant, which refusal so to do was excepted to by the defendant, third, because the defendant did not have a full, fair, and impartial trial.

(1) The question that arises for determination in this case is whether a completed contract of novation has been proved by the plaintiff; for such a novation is universally held not to be within the statute of frauds, 21 Am. & Eng. Ency. L. 675. Novation is the substitution of a new obligation for an old one which is thereby extinguished. Bouv. Law. Dict.

Since novation is the extinguishment of one obligation and the foundation of another, it requires the assent of all the parties to both the old and the new obligations; for unless all the parties to the old assent, it can not be extinguished, and unless all the parties to the new assent, it can not be created. *Ibid.* Am. & Eng. Ency. L. 666. "A man cannot, of his own will, pay another man's debt without his consent and thereby convert himself into a creditor." *Durnford* v. *Messiter*, 5 M. & S. 446.

It appears from the testimony of the plaintiff that on the twentieth day of August, 1895, she loaned to Edward J. Bicknall the sum of one thousand dollars and took from him his promissory note and as security therefor a mortgage upon certain real estate, which mortgage said mortgagor stated was a first mortgage, but that she subsequently ascertained that it was a second mortgage, upon the property thereby encumbered; that after ascertaining the fact concerning the actual position of her mortgage as to priority she began suit against Edward J. Bicknall to recover damages for the deceit practiced by him upon her in obtaining the money from her upon the second mortgage which he had pretended to be the first, and discontinued this suit upon the defendant's promise to pay her one thousand dollars in consideration of such discontinuance.

The mortgage was introduced in evidence, and an inspection of it reveals the fact that it was recorded March 16, 1899, at 4:48 o'clock P. M., nearly three years and seven months after its execution. No explanation was asked or offered in relation to this delay, and perhaps none was necessary, as between the parties the mortgage was valid and binding without it; but it is a circumstance that may be considered for what it is worth in such a case. If she relied so much upon her security, and would not have loaned the money to her relative without his giving her a first mortgage upon his property, would she not have protected herself still further by recording the mortgage as soon as she received it—to prevent others from obtaining priority through her delay?

The plaintiff further testified: "I dropped the suit against the father," and "I dropped the claim against Edward J. Bicknall;" and also, in cross-examination, as follows: "This mortgage is dated the 20th day of August, 1895?" "Yes, sir." "And interest was paid upon it to what time?" "1900." "And was there any interest paid upon it after that date?" "No, sir." "And there was a promissory note accompanied this mortgage?" "It is." "You have got that?" "I have." "You never returned that to Edward J. Bicknall?" "No, sir." "Did you ever give him any receipt for the claim which you had against him, Edward J.?" "Receipt for the claim? I have receipted when he has paid me the interest, every time." "Did you ever give him any formal discharge of your claim?" "No, sir." "Did you not discharge this mortgage of record?" "No, sir." "Is that mortgage still outstanding on this real estate on Logan avenue?" "It is." "And the estate is still subject to that mortgage?" "Yes, sir." "And an encumbrance upon that estate at the present time?" "Yes, sir." "And this is still outstanding as a valid mortgage against that real estate?" "I suppose so."

Even if we concede, for the purposes of this consideration that the extinguishment may be mentally as well as physically accomplished, a proposition not involved in the determination of this case, what evidence is there that the old obligation, consisting of the note and mortgage of Edward J. Bicknall,

was extinguished? A fair interpretation of the testimony of the plaintiff is that she dropped her claim for deceit against Edward J. Bicknall, but that she held the note and mortgage as outstanding and valid against the real estate; that she did not surrender or attempt or intend to surrender them; and so far as appears in evidence, they constitute a subsisting obligation capable of enforcement by foreclosure. In other words, she released a claim she may have had against the body of Edward J. Bicknall, but did not part with her claim against his real estate. The extinguishment must be complete and total, not partial or equivocal, to serve the purposes of novation.

Even if Edward J. Bicknall can be said to have been a party to the transaction, through the agency of the defendant, who testified that he acted as his attorney in the matter, the plaintiff fails to sustain the burden of proof that there was a novation as she claims. The verdict therefore was against the evidence, and as the testimony of the plaintiff precludes the possibility of proof of novation, verdict should have been directed for the defendant.

Case remanded to the Superior Court with direction to enter judgment for the defendant.

*James A. Williams*, for plaintiff.

*Christopher M. Lee, and Job S. Carpenter*, for defendant.