NEW ENGLAND DOLL & NOVELTY CO. INC. *vs.* VITO J. DEL DIO *et al.*

FEBRUARY 6, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.  This is an action of assumpsit which was tried before a justice of the superior court without a jury and resulted in a decision for the plaintiff.  The case is here on the defendants' exception to such decision.

The plaintiff sued defendants for a balance of $3,528.55 due from them on a running account for merchandise sold and delivered.  It appears from the evidence that the account was opened on plaintiff's books in the names of "Atlantic Mills Flower & Garden Shop Louis Iannotti, Veto Del Deo [Vito J. Del Dio]" sometime in February 1957. All sales were so invoiced and until November 1958 payments were made by checks with Atlantic Mills Flower & Garden Shop printed thereon and signed by one or the other of the defendants.  On or about November 15 defendants presented to plaintiff five checks with the name Imperial Gifts & Garden Company printed thereon and signed by defendant Del Dio.  At that time plaintiff's president, Louis Spero, instructed its bookkeeper that when any checks with the signature of either Del Dio or Iannotti were received they should be credited to the account of Atlantic Mills Flower & Garden Shop.  Thereafter in October, November and December 1959 a number of Imperial Gifts & Garden Company checks signed by Louis Iannotti were received and so credited.

The plaintiff's ledger cards showing such credits were introduced in evidence.  All showed the account in the same names as it was originally opened and there was no account in the name of Imperial Gifts & Garden Company.  However, defendant Del Dio testified that when he gave Spero the five checks on or about November 15 he told him that they could not use the words "Atlantic Mills" any further

in their business and consequently they had incorporated under the name of Imperial Gifts & Garden Company of which they were the only stockholders. He further testified that Spero then said he had "looked up our credit and that he knew more about us than we did ourselves." Apparently nothing was said about giving credit to the new corporation in their place but Del Dio inferred that by accepting the checks Spero had intended to do so.

Spero testified in rebuttal that he never extended credit to the corporation and that all invoices of merchandise were always made out to Atlantic Mills Flower & Garden Shop. He further testified that neither Del Dio nor Iannotti had ever asked for such credit or had ever advised him that the corporation had taken over the business of the Atlantic Mills Flower & Garden Shop.

On this evidence the trial justice concluded that plaintiff had not agreed to substitute the corporation for the partnership debtors to whom alone it had extended credit. He expressly found that it was "perfectly natural" for plaintiff to accept payment from anybody who wanted to pay on the debtors' account. Since there was no dispute that there was a balance due on such account he held defendants individually liable therefor in accordance with the form of the account under which they alone had been extended credit by plaintiff.

The defendants contend that the trial justice erred for two reasons: first, because the evidence shows a novation and, secondly, it also shows payment. In our opinion there is no merit in either contention. In the first place a novation is an affirmative defense and as such must be specially pleaded. *Burke* v. *Yencsik,* 120 Conn. 618; 66 C.J.S. Novation §25 c, p. 713. The defendants did not so plead but went to trial on the general issue plea of non assumpsit. But if they had properly pleaded it would have availed them nothing on the evidence here.

A novation of debtors is any agreement between the creditor and the original debtor to release and discharge such debtor and accept in his place the promise of a third person to pay the debt. It is never presumed but must be proved by legal and sufficient evidence, and where it is pleaded in defense the defendant has the burden of proof. In the case at bar the trial justice expressly found that defendants had failed to prove that there had been an agreement by plaintiff to accept a new corporate debtor in their place and discharge them from liability.

In accordance with our well-established rule such finding will not be disturbed by this court unless it is clearly wrong. *Pukas* v. *Danforth,* 83 R. I. 165; *Arch Lumber Co.* v. *Archibald,* 88 R. I. 49. From our perusal of the transcript we are of the opinion that the trial justice was fully warranted in coming to the conclusion he did on the evidence before him. Therefore we cannot say that his decision was clearly wrong.

In view of the above finding there is no need to consider the defendants' contention of payment since they admit that the balance of the account was owing to the plaintiff. If there was no substitution of a new debtor as they contended under their first point they must necessarily have remained liable for the balance due. The trial justice, therefore, did not err in deciding that such balance was chargeable to the defendants.

The defendants' exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Goodman, Semonoff & Gorin, Jordan Tanenbaum,* for plaintiff.

*Anthony A. Giannini,* for defendants.