122 N.J. Super. 288 (1973)
300 A.2d 187
EMERSON NEW YORK  NEW JERSEY, INC., PLAINTIFF,
v.
BROOKWOOD TELEVISION, INC., AND FREDERICK M. WOOD, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 7, 1973.
*291 Mr. Selwyn Schechter, attorney for plaintiff.
Messrs. Cannon & Mountford, attorneys for defendants.
BRESLIN, R.W., J.C.C.
This action involves a claim by plaintiff Emerson New York  New Jersey, Inc. for an amount allegedly owed to it by defendant Brookwood Television, Inc. on account of merchandise sold and delivered by plaintiff to Brookwood. Also named as defendant is Frederick Wood, who, as president of Brookwood, executed a guaranty of payment to plaintiff of all debts that were owing at the time and that should thereafter become due from Brookwood to plaintiff. Wood filed a crossclaim for indemnification against Brookwood, which has been defaulted for failure to answer. Plaintiff now moves for summary judgment against defendant Wood on the written guaranty.
The determination of this motion requires the application of the usual standards for disposing of a motion for summary judgment pursuant to R. 4:46. Where it palpably appears that there is no genuine issue of material fact presented, the court should determine the case on the applicable *292 law. Bowler v. Fidelity & Cas. Co. of New York, 99 N.J. Super. 184 (App. Div. 1968). All doubts in such proceedings are to be resolved in favor of the opponent of the motion. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
In opposition to plaintiff's motion, Wood has submitted an affidavit in which he asserts that during the summer of 1971 plaintiff, through its agents, orally agreed that Wood be released from his obligation and that one Eugene Casole, apparently an officer of Brookwood, be thenceforth responsible for payments from Brookwood to plaintiff. Wood alleges that subsequently Casole met with plaintiff's representatives and agreed to this arrangement.
Plaintiff, though presumably not admitting the oral agreement, contends that it would have no legal effect as far as Wood's guaranty obligation is concerned. Therefore, assuming the existence of such an oral agreement, the issue is whether it is legally sufficient to alter or revoke a written guaranty.
Plaintiff invokes the "parol evidence rule" to prevent the consideration of any facts pertaining to the alleged subsequent oral agreement. The parol evidence rule precludes, as a matter of substantive law, the introduction of evidence of antecedent negotiations or agreements to alter a subsequent writing, on the theory that such antecedent matters were integrated in the written agreement. See Atlantic Northern Airlines v. Schwimmer, 12 N.J. 293 (1953). The rule, however, does not preclude evidence that would tend to subvert or overthrow the writing entirely, Union Fur Shop v. Max Melzer, Inc., 133 N.J. Eq. 416 (E. & A. 1943); nor does it preclude evidence of agreements made subsequent to the writing. Frank Wirth, Inc. v. Essex Amusement Corp., 115 N.J.L. 228 (E. & A. 1935); McKinstry v. Runk, 12 N.J. Eq. 60 (Ch. 1858). The parol evidence rule is therefore not applicable to the instant case, since the alleged oral agreement was subsequent to the written guaranty *293 and would, if otherwise legally sufficient, set aside the guaranty entirely, insofar as it affects Wood.
There remains the question of whether the alleged subsequent oral transactions, if established, would be operative so as to relieve Wood of his obligation under the guaranty. Focusing for the moment on the oral release of Wood from his contingent liability, the fact that said release was merely oral does not call into play N.J.S.A. 25:1-5 (statute of frauds). The statute applies to "a special promise to answer for the debt, default or miscarriage of another person" (N.J.S.A. 25:1-5(b)) but it is silent concerning a release from such a promise. Therefore, although a writing may have been required for the guaranty originally, a release from that obligation could be accomplished orally, notwithstanding the statute of frauds.
It is essential to the success of defendant's contention that the subsequent oral transaction was effectual that there appear some consideration for plaintiff's undertaking to release defendant from his obligation. Plaintiff correctly points out that if evidence of a subsequent agreement is admissible, that agreement must be supported by new and independent consideration. Levine v. Blumenthal, 117 N.J.L. 23 (Sup. Ct. 1936). It is apparent that plaintiff's agreement that defendant be relieved of his obligation under the guaranty could not have amounted to an oral gift since there was no delivery of anything that would represent the obligation. Delivery is an essential ingredient of any gift, including a gift by way of forgiveness of an indebtedness. See Guerin v. Cassidy, 38 N.J. Super. 454 (Ch. Div. 1956). Presumably the rule should be the same in the case of a contingent indebtedness, as here, which could be the subject of a gift by way of forgiveness of the same. Therefore, defendant's affidavit in opposition to plaintiff's motion must set forth a basis for at least an inference that there was some consideration for plaintiff's release of defendant from his guaranty obligation.
*294 The court has concluded that defendant's affidavit successfully resists plaintiff's motion for summary judgment because it contains allegations which, at least if more fully developed, support an inference that plaintiff, Wood and Casole entered into an arrangement which amounted to a novation, as far as the guaranty was concerned. In order to constitute a novation there must be an agreement among the creditor, the old debtor and the new debtor to substitute the new debtor for the old debtor and to release the old debtor. Tolland v. Lista, 46 N.J. Super. 272 (App. Div. 1957); In re Carpentiero, 102 N.J. Super. 395 (Cty. Ct. 1968). The consideration for the new agreement is the mutual discharge of the old contract. Sixteenth Ward B. & L. Ass'n of Newark v. Reliable Loan, Mortgage & Security Co., 125 N.J. Eq. 340 (E. & A. 1939).
Defendant alleges in his affidavit that by the terms of the oral agreement, plaintiff and defendant understood that "Eugene Casole would start making new payments" and that "I [defendant Wood] was no longer responsible for any purchases of merchandise that was delivered or to be delivered to Brookwood Television, Inc." Defendant further alleges that plaintiff's representatives subsequently met with Casole and "he thereby agreed to the terms as aforestated." Defendant's affidavit therefore indicates that he be afforded the opportunity to attempt by competent proof to establish a novation. It should be noted that an intention to discharge the former debtor (or contingent debtor) in the course of the novation need not be shown by express words to that effect but may be implied from the facts and circumstances. Mayfair Farms Holding Corp. v. Kruvant Enterprises Co., 64 N.J. Super. 465 (App. Div. 1960). Furthermore, the question of whether a debt has been novated is ordinarily one of fact. Morecraft v. Allen, 78 N.J.L. 729 (E. & A. 1910); Alexander v. Manza, 22 N.J. Misc. 88, 36 A.2d 142 (Sup. Ct. 1944).
There appears to be no New Jersey case dealing with the question of whether an oral novation is effective *295 under these circumstances. The court is of the opinion that proof of the oral novation should be allowed. 37 C.J.S. Statute of Frauds § 25 at 533 (1943), contains the following relevant discussion of novations:
The statute of frauds does not apply to a novation or a transaction in the nature of a novation whereby one person promises to assume the debt of another in consideration that the original debtor be discharged therefrom, and the creditor substitutes the promisor in place of the original debtor and extinguishes his debt.
And then:
* * * The discharge of the debtor must be full and complete, operating as an extinguishment of the debt at the time the new promise is made, and as a consideration therefor; but an agreement whereby one guarantor or surety is substituted for another is not within the statute of frauds, although the obligation of the original debtor is not extinguished. [at 534; emphasis added]
One case in which this rule is applied to facts similar to the facts in the instant case is Holt v. Empire Tire & Rubber Co., 33 Ga. App. 723, 127 S.E. 803 (Ct. App. 1925). Such a rule does not tend to subvert the purposes of the statute of frauds. The written evidence of the original guaranty establishes the existence of that type of an obligation initially, and testimony as to the oral arrangement tends merely to establish a substitution of obligors.
This case must therefore proceed to trial and defendant Wood will have the burden of establishing the novation. Mayfair Farms Holding Corp. v. Kruvant Enterprises Co., supra. To be resolved at that time is a further issue raised by an affidavit of Francis M. Wood, vice-president of Brookwood, stating that two checks drawn by Brookwood in favor of plaintiff, although initially dishonored, were the subject of a subsequent amicable settlement. Plaintiff's motion for summary judgment is accordingly denied.