373 A.2d 1200.

JEWEL COMPANY OF AMERICA, INC. *vs.* GUY GEORGE.

JUNE 9, 1977.

PRESENT: Bevilacqua, C. J., Paolino. Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an action for goods sold and delivered and on account annexed brought by the seller, Jewel Company of America, Inc., against the buyer, Guy

George. The case was tried on an agreed statement of facts by a justice of the Superior Court sitting without a jury. The defendant now appeals from the judgment entered pursuant to the trial justice's decision.

The agreed statement sets out the following facts. The defendant had known plaintiff corporation and had done business with it for some years before May 1971. In that month, defendant, representing to plaintiff that he was doing business individually under the name Carol-Lynn Creations, applied to open a new account under that name. The account was opened and orders and billings were sent to Carol-Lynn Creations at a Johnston, Rhode Island address. By the end of December the outstanding balance on defendant's account was $6,082.48. Carol-Lynn Creations was incorporated as Carol-Lynn, Inc., on November 27, 1971, and came into legal existence on December 15, 1971.

On or about January 10, 1972, plaintiff, at defendant's oral request, began sending the billings to Jewels by Carol-Lynn at a new address. The plaintiff thereafter sent seven small shipments to the new address and received a partial payment on the account, so that by February 18, the outstanding obligation was $5,635.45.

On or about February 18, 1972, plaintiff was informed of the existence of the corporation Carol-Lynn, Inc., and of the subsequent change of its name to Jewels by Carol-Lynn, Inc., and plaintiff learned that defendant was one of the stockholders of this corporation. The plaintiff continued to maintain one open account for Carol-Lynn Creations and its successor corporation and noted on its ledger the change of name and address.

Beginning about this same time, plaintiff did business with the corporation on a c.o.d. basis only, but accepted a $500 payment on the outstanding balance, reducing it to $5,135.45. In May, the corporation executed a promis-

sory note in favor of plaintiff for that amount. The note was signed by the president of the corporation. There was no agreement orally or in writing absolving defendant from liability. The plaintiff proceeded to file a financing statement for a security interest in the corporation's accounts receivable, inventory, machinery, equipment, office furniture and fixtures.

On June 6, 1972, the corporation again changed its name to Jewels by Lynn, Inc. The corporation made two $500 payments on the promissory note and plaintiff credited them against the outstanding balance on the account, reducing the debt to $4,135.45.

On March 29, 1973, plaintiff filed an action against Jewels by Lynn, Inc., for $4,135.45. The plaintiff obtained a default judgment against the corporation but it was without assets.

The plaintiff then brought this present action against defendant for the same amount. After the District Court rendered a decision for plaintiff, defendant appealed to the Superior Court, arguing there, as he does here, that although there was no express contract of novation between plaintiff and the corporation, the facts indicate that the parties had implicitly agreed that the corporation alone would be liable for the balance on the account.

The trial justice found that the "facts * * * [did] not establish unequivocally that the plaintiff by its conduct impliedly agreed to accept the corporation as a substitute debtor to the exclusion of the defendant." He thus entered judgment for plaintiff for the balance of the account plus interest and defendant filed the present appeal.

A novation agreement need not be expressly stated but can be shown by inference from the facts and from the conduct of the parties. *Clark* v. *General Cleaning Co.*, 345 Mass. 62, 64, 185 N.E.2d 749, 750 (1962); *Emerson New*

*York-New Jersey, Inc.* v. *Brookwood Television, Inc.*, 122 N.J. Super. 288, 294, 300 A.2d 187, 190 (1973); 15 Williston, *Contracts* §1869 at 615-16 (3d ed. 1972). The mere fact that plaintiff took a second debtor, however, does not raise a presumption that plaintiff intended to free defendant, the original debtor, from his obligation. 15 Williston, *supra* §1869 at 615, §1873B at 632-33; *see also* 6 Corbin, *Contracts* §1298 at 224 (1962). As the party bound to pay the debt and wishing to be discharged by novation, defendant was obliged to make sure that there was a clear proposal for the successor corporation to become the sole debtor and that there was assent to the proposal by his creditor, the plaintiff. 6 Corbin, *supra* §1301 at 231. In order to sustain his defense of novation, then, defendant must prove that plaintiff, in accepting the promise of the corporation to pay the debt, unequivocally agreed to release and discharge defendant from liability. *Bicknall* v. *Bicknall*, 27 R.I. 429, 432, 62 A. 976, 978 (1906); see also 6 Corbin, *supra* §1297 at 222.

In *New England Doll & Novelty Co.* v. *Del Dio*, 95 R.I. 450, 187 A.2d 781 (1963), we upheld a trial judge's finding that no such agreement of novation was shown where a creditor maintained a single running account after the debtors had incorporated, received checks from the new corporation, and credited the payments to the running account. In the case before us now, there are several additional factors which were not present in *New England Doll*, but the state of the evidence is still such that reasonable minds can differ as to conclusions to be drawn from the facts and the question here of novation thus remains one of fact.[1] *See Fauci* v. *Denehy*, 332 Mass. 691,

---

[1] We are aware that early cases which allowed a creditor to maintain an action against the promisor of a third party beneficiary contract suggested that when a creditor accepts the benefit of such a contract by bringing suit against the new debtor, he agrees to a novation and thus may not

697, 127 N.E.2d 477, 481 (1955); *Emerson New York-New Jersey, Inc.* v. *Brookwood Television, Inc., supra* at 294, 300 A.2d at 190.

The only evidence being the agreed statement of facts, we are in as good a position as the trial court to reach a conclusion from the record. It is, however, the function of a trial court initially to draw inferences from the evidence, and as long as his conclusions are reasonable and not clearly wrong, we will not disturb them even if equally reasonable conclusions to the contrary might have been drawn. *Providence & Worcester Co.* v. *Exxon Corp.*, 116 R.I. 470, 485-86, 359 A.2d 329, 338 (1976); *Arden Eng'r Co.* v. *E. Turgeon Constr. Co.*, 97 R.I. 342, 348, 197 A.2d 743, 746 (1964); *See also Glass-Tite Industries, Inc.* v. *Spector Freight Systems, Inc.*, 102 R.I. 301, 310, 230 A.2d 254, 259 (1967).

After examining the record in this case, we believe the trial court could reasonably conclude that although the plaintiff accepted the defendant's successor corporation as a debtor, it did not agree to discharge the defendant from liability and to accept the corporation as its exclusive debtor. The facts may indicate that the plaintiff looked at the corporation as its primary debtor, but nothing in the evidence compels a finding that the plaintiff thereby released the defendant from his obligation, and a finding

---

also sue his original debtor. *E.g., Phenix Iron Foundry* v. *Lockwood,* 21 R.I. 556, 45 A. 546 (1900); *Wood* v. *Moriarty,* 15 R.I. 518, 9 A. 427 (1887); *Urquhart* v. *Brayton,* 12 R.I. 169 (1878); *see also Bohanan* v. *Pope,* 42 Me. 93 (1856). The facts of this case, however, do not indicate that the plaintiff brought its first suit, against the corporation, as beneficiary of an agreement between the corporation and the defendant. Furthermore, the defendant has not raised this issue before us. We therefore need not decide here whether those early cases would today, if they ever did, bar a creditor beneficiary from maintaining actions against both parties to a third party beneficiary contract.

to the contrary was certainly reasonable. We therefore cannot say that the trial justice's decision is clearly wrong.

The defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Levy, Goodman, Semonoff & Gorin, Edward F. Burke, Robert A. Pitassi,* for plaintiff.

*Jackvony & De Conti, Daniel J. Donovan,* for defendant.