229 A.2d 294.

NORMA BURNS *vs.* JOSEPH BURNS.

MAY 11, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This petition was brought by a wife to have her former husband adjudged in contempt for his failure to comply with a decree of the family court directing him to pay $20 a week as alimony. After hearing a decree was entered in the family court adjudging him in "technical contempt," permitting him to purge himself thereof by paying the arrearage of $1,936 then due at the rate of $150 a month until paid in full, and directing him to continue to pay alimony of $20 a week. From that decree the respondent prosecuted both an appeal and a bill of exceptions.

At the outset we dispose of respondent's bill of exceptions. Notice of intention to prosecute such a bill was filed subsequent to the enactment of P. L. 1965, chap. 55, sec. 59, now G. L. 1956, §14-1-52, as amended, which insofar as here pertinent reads as follows:

> "From any final decree, judgment, order, decision, or verdict of the family court, there shall be an appeal to the supreme court, which appeal, in all civil cases except bastardy proceedings under chapter [8 of title 15], shall follow the procedure for appeal in civil actions as provided in chapter [24 of title 9]."

In the light of those provisions the only proper way to have brought the case here was by appeal, and therefore we dismiss the bill of exceptions pro forma.

We turn to the merits. The respondent does not challenge either the authority of the court to enforce its decree for alimony through contempt proceedings, or its power, as an incident to those proceedings, to condition a purge from an adjudication of contempt upon the payment of the arrearage in alimony in fixed installments. What he does challenge is the trial justice's refusal to allow him to testify to what his expenses were and whether he had any

bills to pay.[1] He argues in substance that any order allowing him to purge himself by paying the arrears of alimony in installments should have provided for payments which were reasonable in amount and predicated on his ability to pay; and he contends that testimony of his expenses and obligations was as relevant to what was a reasonable amount as was the concededly admissible evidence of his income and resources.

Assuming, without deciding, that the questions objected to were proper, and that respondent should have been allowed to answer, he still cannot prevail on the record before us. This is so because he cannot show that the rulings he now complains of did him any harm. In order for him to attack rulings excluding evidence, he should at the hearing in the family court have stated the tenor of the answers he would have made to the questions. While it would, of course, be reasonable to conclude, even without testimony, that respondent had both expenses and obligations, it would be mere speculation were we to go further

---

[1]The colloquy was as follows:

"Q Mr. Burns, what are your expenses?

Mr. Friedman. I object.

The Court. Sustained

"Q Do you have any bills to pay, Mr. Burns?

Mr. Friedman. I object.

The Court. Sustained.

"Mr. Moses. If Your Honor is only going to consider income, you must consider his expenses, too.

The Court. I am not going to find him guilty of wilful contempt. I told you that already, so I don't care what he owes.

"Mr. Moses. Well, then under those circumstances—

The Court. That's the only time that that kind of testimony is allowed in a contempt case.

"Mr. Moses. Well, Your Honor, under those circumstances, I will leave it within the discretion of the Court to be fair and just, to determine this matter.

"The Court. All right. I adjuged the respondent guilty of technical contempt of this order, and he may purge himself by paying $150.00 a month on the arrearages, and the $20.00, of course, continues."

and assume that they were of such an extent and nature as to render unreasonable the amount fixed by the trial justice as the monthly installment. The respondent's failure to make an offer of what his answers would have been deprives us on review of the opportunity of knowing what information would have been forthcoming if he had been allowed to answer. Whether it would have been favorable or unfavorable to his cause is conjectural. A record which contains neither answers nor an offer of proof makes it impossible for a reviewing court to decide whether he was harmed by the rulings or prejudiced by the exclusion of the answers. That error cannot be predicated on the exclusion of evidence where no offer of proof has been made has long been the rule in this state: *Arden Engineering Co.* v. *E. Turgeon Construction Co.*, 97 R. I. 342, 197 A.2d 743; *D'Acchioli* v. *Cairo*, 87 R. I. 345; *Antociccio* v. *Stanley*, 58 R. I. 118; *Kirk* v. *Ball*, 45 R. I. 93; *Callan* v. *Peck*, 37 R. I. 227. It has recently been codified in the superior court as rule 43(c) of its rules of civil procedure.[2] Application of the established rule defeats the respondent's appeal.

The respondent's appeal is denied and dismissed, his bill of exceptions is dismissed pro forma, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*Saul Friedman, Harold I. Kessler,* for petitioner.

*Israel Moses,* for respondent.

---

[2]"In an action tried by a jury, if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness. The court shall require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. In actions tried without a jury the same procedure may be followed, except that the court upon request, shall take and report the evidence in full, unless it clearly appears that the evidence is not admissible on any ground or that the witness is privileged."