8 N.J. Super. 29 (1950)
73 A.2d 260
A. FINOCCHIARO AND C. FINOCCHIARO, PLAINTIFFS-APPELLANTS,
v.
CAMILLO D'AMICO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1950.
Decided May 11, 1950.
*30 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Nathan C. Staller, attorney for and of counsel with plaintiffs-appellants.
Mr. J.W. Acton argued the cause for defendant-respondent (Mr. Samuel M. Garfinkle, attorney).
The opinion of the court was delivered by DONGES, J.A.D.
This suit was instituted by plaintiffs to recover damages suffered by reason of an alleged breach of contract.
Defendant and plaintiffs entered into a written contract whereby defendant agreed to furnish the necessary labor and materials for the construction of a store and dwelling for $14,400. The building was to be constructed pursuant to plans and specifications which were made part of the contract. The building was to be substantially completed by March 1, 1948.
The commencement of the work was delayed, because it became necessary to remove an existing structure from the situs of the new building. The work was delayed an additional six weeks because of inclement weather.
According to the terms of the agreement, plaintiffs were to pay, monthly, seventy per cent of the value of the labor and materials incorporated in the building and of the materials suitably stored at the site thereof.
Plaintiffs had paid, up to the time work was stopped, a total of $8,100 to defendant. The architect who made the *31 plans, and whose job it was to supervise the building, testified that this amount was much greater than the amount which plaintiffs were required to pay. It was his opinion that not more than 25% of the building had been completed when work was stopped.
On June 21, 1948, the architect, concluding that the defendant had failed to render a sufficiency of properly skilled workmen and proper materials, as required by the contract, so notified the plaintiffs, and a notice of termination of the contract was served on defendant.
The plaintiffs then proceeded to complete the building and hired the architect as their agent. There was a total expenditure in completing the building of $16,671.85, which together with the $8,000 paid to the defendant resulted in an expenditure of $24,671.85. There was an additional $100, which plaintiffs claimed was loaned to defendant. The defendant did not deny this.
The defendant contended at the trial that the original agreement was abandoned by the parties, and a new verbal agreement for time and material was substituted therefor.
The jury returned a verdict of $100 in favor of plaintiffs, and plaintiffs appeal from the judgment rendered on the verdict.
There are several points raised on this appeal, but the most important one concerns the sufficiency of the evidence to sustain the defense of a new verbal agreement. Parties to a written contract may agree to abandon the contract and substitute a new one in its place, and the new agreement is valid if there is sufficient consideration for it. Levine v. Blumenthal, 117 N.J.L. 23 (Sup. Ct. 1936). However, the burden of proving such a defense rests upon the person asserting it. It is contended that the evidence offered for this purpose is too indefinite and uncertain to establish the alleged parol agreement.
It is established that a subsequent verbal agreement should be proved by very clear and satisfactory evidence. McKinstry v. Runk, 12 N.J. Eq. 60 (Ch. 1858). The only *32 evidence concerning the alleged oral agreement came from the lips of the defendant. His testimony in this respect was neither clear nor convincing. He testified in part as follows:
"Finally Tony told it to me and said, `Well you go ahead and finish work. Try to push up work as fast as possible, and if there's any difference on price of material that you pay for, we're going to take consideration of it. Not going to tell you what it will be and how it's going to be, but we're going to take care of this.'"
and further
"I said, `only one thing to do is we will let this contract lose, and have an agreement between me and you; forget the old days; forget what Conner will tell me and me, and have an agreement together, so we can go ahead and have everything finished what it cost, even make no profit for myself' * * *."
When asked by his attorney what the plaintiff's reply was, defendant said
"He says, `yes, we agree to something like this, and forget about the old contract'."
The plaintiff denied that the contract was abandoned and the defendant offered no other proof, either by direct evidence or by corroborating circumstances. The testimony of the defendant is not sufficiently clear or satisfactory to overcome the strong prima facie case made out by plaintiffs. The original contract in writing is quite clear and presents a strong case for plaintiffs. Nothing short of clear and satisfactory evidence will overcome it.
Beyond this, the alleged oral agreement only obligated the defendant to do that which he already was legally bound to do. The subsequent agreement must be based upon a valid consideration. Schaefer v. Brunswick Laundry, Inc., 116 N.J.L. 268 (E. & A. 1935); Levine v. Blumenthal, supra. Defendant asserts that the agreement to abandon the old contract and proceed under the new one is sufficient consideration. *33 He cites Middlesex Concrete, &c., Co. v. Northern States Imp. Co., 129 N.J. Eq. 314 (E. & A. 1940), to support this contention. A careful review of that case indicates the opposite conclusion. The alleged oral agreement under consideration was unsupported by a valid consideration.
We conclude that the verdict was clearly against the weight of the evidence, and accordingly, the judgment is reversed and a new trial awarded.