**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0921-22

905 MOUNTAIN AVENUE, LLC,

    Plaintiff-Respondent,

v.

HILLSIDE SEAFOOD HOUSE INC.,
d/b/a MARINO'S FINE FOODS,
a/k/a MARINO'S FINE FOODS,
LLC and MICHAEL MARINO,

    Defendants-Appellants.

_____

Submitted December 19, 2023 – Decided March 11, 2024

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0703-21.

Mackevich, Burke and Stanicki, attorneys for appellants (James E. Mackevich, on the brief).

Cole Schotz PC, attorneys for respondent (Lauren M. Manduke, of counsel and on the brief).

PER CURIAM

Defendants Hillside Seafood House, Inc. (Hillside), with Michael Marino, as Hillside's guarantor, appeal from an April 22, 2022 order granting plaintiff 905 Mountain Avenue, LLC partial summary judgment and an August 16, 2022 judgment entered in plaintiff's favor. We affirm.

I.

We glean the facts and procedural history from the trial court proceedings. Plaintiff, as landlord, and defendants, as tenants, (collectively, the parties) executed a written commercial lease on November 10, 1995 (the Original Lease). Under the Original Lease, in relevant part, the parties agreed to the following: (1) a ten-year lease term; (2) if defendants remained in the premises after the expiration of the term, plaintiff could elect to treat defendants "as one who has not removed at the end of its [t]erm" or "construe such holding over as a tenancy from month to month, subject to all the terms and conditions of this Lease"; (3) defendants payment of "Additional Rent" including the real estate taxes, insurance, and water and sewer charges; (4) plaintiff ability to impose a late charge of eight percent on any installment of Basic Rent or Additional Rent paid more than five days after the due date; (5) defendants maintaining the property in "good condition and repair"; (6) plaintiff's receipt of Basic Rent or Additional Rent did not constitute a waiver of any breach of the lease; (7) the

Original Lease "contain[ed] the entire and only agreement between the parties and no oral statements or representations . . . not contained in [the Lease would] have any force or effect"; (8) "shall not be modified in any way . . . except by a writing executed by both parties"; (9) "[n]o payment by [defendants] or receipt by [plaintiff] of a lesser amount than the Basic Rent and Additional Rent and additional charges . . . shall be deemed to be other than a payment on account of the earliest . . . Basic Rent and Additional Rent . . ."; and (10) allowed plaintiff the right to collect attorney's fees and reasonable expenses incurred for defendants' default.

On January 1, 2005, the parties executed a written First Amendment to the Original Lease. The First Amendment provided: (1) the parties "desire[d] to amend the [Original] Lease only in the respects and the conditions hereinafter stated"; (2) extended the term of the Original Lease an additional ten years; (3) modified the Basic Rent amount; and (4) "[e]xcept as modified by [the First Amendment], the [Original] Lease and all covenants, agreements, terms, provisions and conditions thereof shall remain in full force and effect and [we]re [t]hereby ratified and affirmed."

In March 2009, the parties executed a written Second Amendment to the Original and First Amended Lease. The Second Amendment provided: (1) the

A-0921-22

parties "desire[d] to amend the [Original and First Amended] Lease only in the respects and the conditions hereinafter stated"; (2) deferral of a portion of the Basic Rent from April 2009 through March 31, 2010; (3) increased rent beginning April 1, 2010 and thereafter so that plaintiff would recover the Deferred Rent; and (4) "[e]xcept as modified by [the Second Amendment], the [Original Lease and First Amended] Lease and all covenants, agreements, terms, provisions and conditions thereof shall remain in full force and effect and [we]re hereby ratified and affirmed."

On December 15, 2015, the parties executed a written Third Amendment to the Original and First and Second Amended Lease. The Third Amendment provided: (1) the parties "desire[d] to amend the [Original and First and Second Amended] Lease only in the respects and the conditions hereinafter stated"; (2) the parties confirmed the lease term under the Original and First and Second Amended Lease was terminating on November 30, 2015; (3) the parties acknowledged and agreed to extend the term from December 1, 2015 through April 30, 2016; (4) agreed, commencing May 1, 2016, the lease term shall continue on a month-to-month basis for six months, terminating on October 31, 2016; (5) the monthly Basic Rent was to be $5,258.03; (6) defendants were in arrears in the payment of Basic Rent and Additional Rent in excess of $130,000;

(7) plaintiff would "release and forgive the arrearages" provided defendants fulfilled their obligations; and (8) "[e]xcept as modified by [the Third Amendment], the [Original; First and Second Amended] Lease and all covenants, agreements, terms, provisions and conditions thereof shall remain in full force and effect and are hereby ratified and affirmed."

Plaintiff continued to invoice defendants for the Basic Rent, in the amount of $5,258.03, and Additional Rent consistent with the parties' written agreements. However, defendant paid lesser amounts from May 2018 through March 2020—$4,000 a month rent, and from March 2020 through June 2021—$2,000 a month rent.

On January 26, 2021, plaintiff served defendants with a notice of default and a notice to quit the premises, terminating the Lease[1] as of February 28, 2021. Plaintiff contended defendants failed to pay accrued Basic and Additional Rent and late fees, interest, and attorney's fees.

On February 26, 2021, plaintiff filed a complaint against defendants seeking damages, interest and attorney's fees and costs of suit. Defendants filed

---

[1] Reference to Lease includes the Original Lease and the First, Second and Third Amendments.

A-0921-22

an answer and counterclaim, as relevant here, alleging oral agreement(s) reduced the rent, which modified the Lease. Plaintiff filed an answer to the counterclaim.

After the close of discovery, plaintiff moved for summary judgment. The judge heard oral argument on April 18, 2022. In a written decision, the judge concluded: (1) defendants' argument the parties orally modified the rent terms was "belied by the terms of the Lease and misapplie[d] governing law." The judge determined "[o]ral modifications to contracts are subject to the Statute of Frauds [(SOF)], such as the Lease here, ha[d] to be in writing to be valid." Moreover, "even if [d]efendants could discover conduct suggesting that the Lease was 'modified,' without an actual written modification signed by all parties, there c[ould] be no modification of the Lease"; (2) defendants' waiver argument was unavailing because waiver was "directly contradictory to the express [no waiver] provision of the Lease"; and (3) defendants' estoppel argument failed because there was "no conduct that [gave] rise to an estoppel claim." The judge entered an April 22, 2022 order granting plaintiff partial summary as to liability.

On the quantum of plaintiff's damages, the judge concluded there were issues of material fact regarding the exact amounts of Basic Rent and Additional Rent remaining after partial payments; and "the nature and necessity of

repayment for repairs that were made to the premises following defendants' vacatur." Further, the judge denied, without prejudice, plaintiff's request for attorney's fees for failure to comply with Rule of Professional Conduct (RPC) 1.5.

On July 26, 2022, the judge held a plenary hearing to determine plaintiff's damages and award of attorney's fees. Plaintiff's bookkeeper provided testimony regarding the parties' financial history. The judge found her testimony credible. The judge rejected defendants' argument "plaintiff's proofs" were "outside the [six-year Statute of Limitations (SOL)]." The judge, relying on the bookkeeper's testimony, found "the Lease provided that any payments made . . . [we]re first applied to any arrears and that [p]laintiff's acceptance of such payment d[id] not inhibit [p]laintiff's right to recover the balance" and "[d]efendants [we]re up to date on their Basic Rent through December 13, 2017, the [i]nsurance through June 2017, the Real Estate Taxes through May 2016, and the repairs through February 2016." Therefore, the judge concluded plaintiff's February 26, 2021 complaint was filed within the SOL.

Further, while noting defendants did not object to plaintiff's affidavit of attorney's services, the judge conducted his own analysis of the attorney's fee request and found the fees reasonable pursuant to RPC 1.5(a).

A-0921-22

The judge entered judgment in favor of plaintiff in the amount of $774,556.64, plus post-judgment interest accruing from the date of judgment, and attorney's fees in the amount of $233,284.43.

II.

On appeal, defendants argue the judge erred in applying the SOF. The defendants aver the parties "orally modified the Lease." Next, defendants argue the judge erred in finding that the defenses of waiver and equitable estoppel were inapplicable to them. Lastly, defendants argue plaintiff's claims were barred by the SOL.

We review a ruling on a motion for summary judgment de novo, applying the same standard governing the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013)

8

(citation omitted).  We review issues of law de novo and accord no deference to the trial judge's legal conclusions.  Nicholas v. Mynster, 213 N.J. 463, 478 (2013).  "The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'"  Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 293 (2001)).

This standard compels the grant of summary judgment:

> if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.  An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.
>
> [R. 4:46-2(c).]

"Under that standard, once the moving party presents sufficient evidence in support of the motion, the opposing party must 'demonstrate by competent evidential material that a genuine issue of fact exists[.]'"  Globe Motor Co. v. Igdalev, 225 N.J. 469, 479-80 (2016) (quoting Robbins v. Jersey City, 23 N.J.

229, 241 (1957) (alteration in the original)).  "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome the motion."  Puder v. Buechel, 183 N.J. 428, 440-41 (2005) (citations omitted).  More is required than a "mere denial."  Mangual v. Berezinsky, 428 N.J. Super. 299, 313 (App. Div. 2012).

## III.

Defendants argue the judge erred by "reject[ing] as a matter of law, [their] contention that the [plaintiff] and [defendants] orally modified the lease arrangement throughout the course of the Lease and the amendments to same."

The judge recognized "[d]efendants argu[ment] that, although the rent [d]efendants were paying was below the amount required under the Lease, the parties orally modified the Lease on multiple occasions throughout the parties' decades-long relationship."

Defendants contend through two time periods the parties orally agreed to modify the rent:  (1) May 2018 through March 2020—$4,000 a month rent; and (2) March 2020 through June 2021—$2,000 a month rent.  These time periods were after execution of the Third Amendment to the Lease that provided the Basic Rent amount of $5,258.03.

In rejecting defendants' argument, the judge found the SOF barred oral modifications to the Lease and a writing was required for enforceable modifications. We disagree with the judge on this point.

We conclude the SOF did not apply to the Third Amendment. The SOF only applies to "a lease of real estate for more than three years." N.J.S.A. 25:1-12. The Third Amendment was only for a term of five months followed by month-to-month for the next six months. See Van Horn v. Harmony Sand & Gravel, Inc., 442 N.J. Super. 333, 341 (App. Div. 2015) ("if a lease is intended to last longer than three years, it is not enforceable unless it complies with the" SOF).[2] Therefore, we conclude the parties could have agreed to an enforceable oral Third Amendment.

However, the parties reduced the Third Amendment to a writing and, as they did with their First and Second Amendments, provided "[e]xcept as modified by this Amendment, the Lease and all covenants, agreements, terms, provisions and conditions thereof shall remain in full force and effect and are

---

[2] Even if the SOF applied to the Third Amendment, which we conclude it does not, defendants would not be barred from offering evidence the parties agreed to oral modifications thereto. "The statute requires a writing . . . [or] [a]lternatively, if there is not a writing, the . . . elements must be proved by clear and convincing evidence." Van Horn, 442 N.J. Super. at 341 (citing N.J.S.A. 25:1-12). Therefore, even under the SOF, evidence of oral modification is permitted.

hereby ratified and affirmed." Consequently, the parties' relationship remained governed by the Original Lease as expressly modified by the Amendments.

Therefore, defendants' argument the parties orally modified the Lease must be considered in concert with the written Original Lease and the First, Second and Third Amendments. The Original Lease contained a no oral modification provision. Plaintiff asserts the provision is a "clear and unequivocal prohibition" and must be enforced. Defendants cite authority in support of their position that parties to a contract may orally modify or waive provisions in their contract, including no oral modification provisions. We agree with defendants, the mere presence of a no oral modification provision does not end the inquiry. See Lewis v. Travelers Ins. Co., 51 N.J. 244, 253 (1968) ("The parties did not thereby disable themselves from amending, supplementing or replacing the contract [provision] by a later agreement made orally or by conduct objectively manifesting a new understanding"); Home Owners Constr. Co. v. Glen Rock, 34 N.J. 305, 316 (1961) ("the writing requirement may be expressly or impliedly waived by the clear conduct or agreement of the parties . . . .").

Waiver under New Jersey law:

> is the voluntary and intentional relinquishment of a known right. An effective waiver requires a party to have full knowledge of his [or her] legal rights and intent to surrender those rights. The intent to waive

A-0921-22

need not be stated expressly, provided the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference. The party waiving a known right must do so clearly, unequivocally, and decisively.

[Knorr v. Smeal, 178 N.J. 169, 177 (2003) (internal citations omitted).]

Defendants' bear the burden of establishing plaintiff waived the no writing provision by "clear and convincing evidence." Home Owners, 34 N.J. at 316-17; see also Headley v. Cavileer, 82 N.J.L. 635, 640 (E. & A. 1912) ("waiver will not be inferred unless the evidence is clear and convincing").

Similarly, defendants must establish that the parties entered into a subsequent oral agreement, notwithstanding the written Lease term regarding the rent amount, by clear and convincing evidence. "It is established that a subsequent verbal agreement should be proved by very clear and satisfactory evidence." Finocchiaro v. D'Amico, 8 N.J. Super. 29, 31 (App. Div. 1950). In D'Amico, we concluded defendant's testimony, the only evidence in the case, "was neither clear nor convincing." Id. at 31-32.

To establish that the parties orally waived the writing requirement and orally agreed to a new rent amount, defendants proffer that, in April of 2018, "[t]he parties agree[d] to a new rent of $4,000" and in March of 2020, the parties

"agreed to a rent reduction . . . to $2,000 . . . ."  Defendants also note that they paid these amounts without objection by plaintiff.

Plaintiff unequivocally denied any waiver or oral agreement.  Plaintiff presented evidence it continued to invoice defendants for the full amount of rent and all prior amendments were reduced to writing.

Even giving defendants every reasonable inference, we are satisfied defendants' proffered evidence failed to establish that the parties clearly and convincingly agreed to waive the writing requirement and orally agreed to a new rent amount.  "Clear and convincing evidence is evidence that produces   . . . a firm belief or conviction that the allegations sought to be proved by the evidence are true.  It is evidence so clear, direct, weighty in terms of quality, and convincing as to cause . . . a clear conviction of the truth of the precise facts in issue."  Model Jury Charges (Civil) 1.19, "Burden of Proof—Clear and Convincing" (rev. April 2011).  Defendants' evidence in support of the purported waiver and oral modification to the Lease is neither clear nor convincing.

Because we review orders on appeal, rather than a trial judge's legal reasons, we affirm the order granting summary judgment but for reasons other than those expressed by the trial judge.  See Isko v. Planning Bd. of Livingston, 51 N.J. 162, 175 (1968), abrogated on other grounds by Com. Realty Res. Corp.

v. First Atl. Props. Co., 122 N.J. 546, 565 (1991); Hayes v. Delamotte, 231 N.J. 373, 387 (2018).

Defendants next argue the judge erred in finding the defenses of waiver and equitable estoppel were unavailing. We disagree.

In arguing for the application of waiver and equitable estoppel, defendants contend there is no dispute, after execution of the Third Amendment, it paid $5,258.03 each month.[3] Further, they contend this was the amount invoiced by the plaintiff and accepted without comment or objection. In addition, as a month-to-month tenant, they "could have shut [the b]usiness down" but plaintiff "encouraged [them] to stay." Therefore, defendants argue they are "entitled to invoke the equitable principle of estoppel and waiver in response to the [plaintiff's] silent accrual of back charges."

In response, plaintiff argues "[d]efendant[s] fail to address . . . the fact that [plaintiff] continued to invoice [defendants] the entire Basic Rent due under the Third Amendment (including Additional Rent)." In other words, there was no "silent accrual." Moreover, plaintiff relies on the "no-waiver provision of the Lease which explicitly provides [plaintiff] does not waive any of its rights

---

[3] Defendants' assertion is belied by the record as they admit paying $4,000 a month from May 2018 through March 2020 and $2,000 a month from March 2020 through June 2021.

or remedies with respect to collection of the full amount of Rent due under the Lease by accepting partial payment."

We reject defendants' waiver argument. There is no evidence plaintiff voluntarily and intentionally relinquished their right to all the rents required under the parties' Lease. Knorr, 178 N.J. at 177. Further, there is no clear and convincing evidence, plaintiff waived the no waiver provision of the parties' Lease. Home Owners, 34 N.J. at 316-17.

"The essential elements of equitable estoppel are a knowing and intentional misrepresentation by the party sought to be estopped under circumstances in which the misrepresentation would probably induce reliance, and reliance by the party seeking estoppel to his or her detriment." In re Johnson, 215 N.J. 366, 379 (2013) (citation omitted).

The record is devoid of any evidence of plaintiff's "knowing and intentional misrepresentation." Defendants merely argue plaintiff "encouraged [them] to stay." Defendants' argument failed to establish a misrepresentation necessary for the application of equitable estoppel.

Lastly, defendants argue the judge erred in determining plaintiff's claims were not barred by the SOL. Relying on the six-year SOL, N.J.S.A. 2A:14-1.6(a), since the complaint was filed on February 26, 2021, defendants contend

all "unpaid base rent and additional rent . . . which accrued prior to February 26, 2015, [were] barred by statute." Defendants argue the "Lease document does not authorize [plaintiff] to pick and choose what obligations monies received should be applied to."

In response, plaintiff relies on the language of the Original Lease that provides: "[n]o payment by [defendants] or receipt by [plaintiff] of a lessor amount than the Basic Rent and Additional Rent and additional charges payable hereunder shall be deemed to be other than a payment on account of the earliest stipulated Monthly Basic Rent and Additional Rent . . . ."

We agree with the motion judge and find that there is no merit to defendants' SOL argument. The unambiguous language of the Lease provides defendants' payments would be applied to the oldest or earliest outstanding amounts. Therefore, despite defendants' paying more recent invoices, the Lease provided that plaintiff would apply payment to the oldest or earliest outstanding amounts. Moreover, the judge found "plaintiff was only seeking payment for damages that accrued . . . well within the SOL."

To the extent we have not addressed any of defendants' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-0921-22

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

18